| | |
|---|---|
| **CARELLA BYRNE CECCHI BRODY & AGNELLO, PC** | **LABATON KELLER SUCHAROW LLP** |
| James E. Cecchi | Christine M. Fox (*pro hac vice*) |
| Michael A. Innes | Joseph Cotilletta |
| Kevin G. Cooper | Adam Federer (*pro hac vice pending*) |
| 5 Becker Farm Road | 140 Broadway |
| Roseland, NJ 07068-1739 | New York, NY 10005 |
| Telephone: (973) 994-1700 | Telephone: (212) 907-0700 |

*Liaison Counsel for the Proposed Class*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Matthew L. Mustokoff (*pro hac vice*)
Joshua E. D'Ancona
Jamie M. McCall (*pro hac vice*)
David A. Bocian
Max Johnson (*pro hac vice forthcoming*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

*Co-Lead Counsel for Lead Plaintiffs SEB Investment Management AB and Public Employees' Retirement System of Mississippi, and the Proposed Class*

[*Counsel for Defendants listed on next page*]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CITY OF WARWICK RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>CATALENT, INC., JOHN CHIMINSKI, ALESSANDRO MASELLI, and THOMAS CASTELLANO,<br><br>    Defendants. | Case No: 3:23-cv-01108-ZNQ<br><br>Hon. Zahid N. Quraishi<br>District Judge<br><br>Hon. Justin T. Quinn<br>Magistrate Judge<br><br>Date:  August 15, 2024<br>Time:  10:00 a.m.<br>Location: 402 East State Street |

**JOINT DISCOVERY PLAN**

**MARINO, TORTORELLA & BOYLE, P.C.**
Kevin H. Marino
John D. Tortorella
437 Southern Blvd.
Chatham, New Jersey 07928
Tel: (973) 824-9300
kmarino@khmarino.com
jtortorella@khmarino.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Eric C. Lyttle (admitted *pro hac vice*)
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel: (202) 538-8000
ericlyttle@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Jesse Bernstein (admitted *pro hac vice*)
Hope D. Skibitsky
Phillip B. Jobe (admitted *pro hac vice*)
Amy Shehan (*pro hac vice* forthcoming)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel: (212) 849-7000
jessebernstein@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
phillipjobe@quinnemanuel.com
amyshehan@quinnemanuel.com

*Attorneys for Defendants Catalent, Inc., John Chiminski, Alessandro Maselli, and Thomas Castellano*

Lead Plaintiffs SEB Investment Management AB and the Public Employees' Retirement System of Mississippi (together, "Lead Plaintiffs") and Defendants Catalent, Inc. ("Catalent" or the "Company"), John Chiminski, Alessandro Maselli, and Thomas Castellano (collectively, "Defendants," and together with Lead Plaintiffs, the "Parties"), by and through their respective counsel, have met and conferred and submit the following joint discovery plan (the "Joint Discovery Plan") pursuant to the Court's Order Scheduling Conference (ECF No. 74), the Local Civil Rules of the United States District Court for the District of New Jersey ("Local Rule(s)") 26.1(b)(2) and 26.1(d)(2)-(3), and Federal Rule of Civil Procedure ("Federal Rule(s)" or "FRCP") 26(f).  The Parties' positions are set forth below.

I. **FACTS**

**Lead Plaintiffs' Position.**

Lead Plaintiffs' Claims: This is a securities class action in which Lead Plaintiffs assert claims for violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5, promulgated thereunder, against all Defendants, and violations of Section 20(a) of the Exchange Act against Defendants John Chiminski, Alessandro Maselli, and Thomas Castellano (together, the "Individual Defendants"), on behalf of all persons who purchased or otherwise acquired the common stock of Catalent between August 30, 2021, and May 7, 2023, inclusive (the "Class Period").

This Action arises from Defendants' alleged material misrepresentations and omissions regarding the Company's key production facilities and revenue in the face of declining demand for COVID-19 vaccine products.  Catalent, an outsourced drug manufacturer for pharmaceutical and biotech companies, initially benefitted from the COVID-19 pandemic, which increased demand for Catalent's services and catapulted the Company to record high revenues.  However, as demand for vaccine-related products waned, so too did demand for Catalent's services, leaving

2

the Company with a bloated headcount, excess production capacity at its newly expanded facilities, and increasing safety and quality control issues at key production facilities in Bloomington, Indiana; Brussels, Belgium; and Harmans, Maryland.

Rather than admit this truth, however, throughout the Class Period, Defendants masked the negative impact declining COVID-19 vaccine-related demand was having on Catalent's business by: (1) artificially inflating Catalent's revenues in violation of Generally Accepted Accounting Principles ("GAAP") to give the appearance of sustained revenue growth (the "GAAP Compliance Statements"); and (2) misleading investors about the condition of the Company's key production facilities (the "Quality Control Statements"). When the relevant truth concealed by Defendants' misrepresentations and omissions was revealed to the market through a series of disclosures on September 20, 2022, November 1, 2022, November 16, 2022, December 8, 2022, April 14, 2023, and May 8, 2023, Lead Plaintiffs and other putative Class members suffered substantial damages.

Statement of the Principal Factual Issues in Dispute: In general, the Parties dispute whether Defendants intentionally or recklessly made false or misleading statements or omissions of material fact to the investing public during the Class Period. Including, without limitation, Defendants dispute Lead Plaintiffs' allegations that: (1) Defendants made misrepresentations or omissions of material fact; (2) Defendants had a duty to disclose the purportedly omitted material facts; (3) Defendants made these alleged misrepresentations or omissions of material fact with scienter; and (4) Defendants' alleged misrepresentations or omissions caused the price of Catalent stock to be artificially inflated and/or artificially maintained and, ultimately, caused losses to Lead Plaintiffs and the putative Class when the truth was revealed to the market.

**Defendants' Position.**

Plaintiff's Claims And The Court's Motion To Dismiss Decision: Plaintiffs have brought

3

this putative securities fraud class action following a pronounced decline in macroeconomic conditions, which impacted CDMOs like Catalent across the board, as well as countless other companies. On September 15, 2023, Lead Plaintiffs filed an Amended Class Action Complaint with hundreds of paragraphs of allegations and dozens of purported materially false statements or omissions, grouped into the following three categories: (1) Quality Control Statements, (2) GAAP Compliance Statements, and (3) Non-Vaccine Demand Statements. In its June 28, 2024 Opinion on Defendants' Motion to Dismiss (ECF Dkt. No. 70), the Court dismissed a significant majority of Plaintiffs' alleged false statements and omissions because they constituted mere corporate puffery, uncontroverted statements of opinion, forward-looking projections, or, more generally, because they were not misleading when viewed in their necessary and complete context. Indeed, the Court dismissed all of the Non-Vaccine Demand Statements and nearly all of Plaintiffs' alleged Quality Control Statements, as well as many of the GAAP Compliance statements.

What remains of Plaintiff's fraud claims after the Court' Opinion are: two alleged Quality Control Statements made in February and August of 2022 (Amended Compl. ¶¶ 301 & 363), Defendants' SOX certifications in their financial statements (AC ¶¶ 278, 291, 312, 336, 361, 390, 425), and one additional GAAP Compliance Statement contained in paragraph 360 (the first sentence). In light of this, the facts and issues in the Amended Complaint have been narrowed significantly, which will narrow the scope of discovery in this case.

<u>Statement of the Principal Factual Issues in Dispute</u>: Because the majority of the remaining alleged misrepresentations nonetheless constitute opinion statements—namely, Defendants' SOX certifications and Defendants' stated belief as to the condition of manufacturing sites and equipment—a key factual issue will be whether Plaintiffs can substantiate their allegations that Defendants knew or recklessly disregarded purported facts that would have undermined these

opinions. Defendants dispute that they had any knowledge that would have rendered their stated opinions false, misleading, or incomplete in any way. More generally, and as Plaintiffs also note, the parties dispute Plaintiffs' allegations that Defendants made any false or misleading statements, that Defendants made any such statements with a culpable state of mind, and that any such statements caused any of Plaintiffs' claimed losses.

## II.    LEGAL ISSUES

**Lead Plaintiffs' Position.** Based on Lead Plaintiffs' Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 47, the "Amended Complaint") and the Court's June 28, 2024 Opinion and Order granting in part and denying in part Defendants' motion to dismiss the Amended Complaint (ECF Nos. 70-71, the "Motion to Dismiss Opinion and Order"), the principal potential disputed legal issues include, among others: (1) whether Defendants violated Section 10(b) of the Exchange Act and SEC Rule 10b-5; (2) whether the Individual Defendants violated Section 20(a) of the Exchange Act; and (3) whether this Action may proceed as a class action under Federal Rule 23 and, if so, the definition of that class.

**Defendants' Position.** Defendants agree that, at a high level and for present purposes, the key disputed legal issues are whether Plaintiffs can prove any primary violations of the securities laws under Section 10(b) of the Exchange Act and Rule 10b-5, whether Plaintiffs can prove control-person liability on the part of the Individual Defendants under Section 20(a) of the Exchange Act, and whether Plaintiffs can meet the prerequisites for class certification under FRCP 23. Defendants deny that Plaintiffs can prevail on any of those issues.

## III.    ANTICIPATED SCOPE OF DISCOVERY

**Lead Plaintiffs' Position.** Lead Plaintiffs intend to seek proportional discovery "regarding any nonprivileged matter that is relevant to" the allegations referenced in Lead Plaintiffs' Amended Complaint and the Motion to Dismiss Opinion and Order. Fed. R. Civ. P. 26(b)(1).

5

Lead Plaintiffs additionally intend to seek proportional discovery "regarding any nonprivileged matter that is relevant to" any "defense" to Lead Plaintiffs' claims brought forward by Defendants in this Action. *Id.* This includes, but is not limited to, each of the topics discussed in the Parties' articulation of the facts and legal issues in Sections I and II of this Joint Discovery Plan.

**Defendants' Position.** As noted above, discovery will necessarily be cabined to the facts and issues implicated by the few alleged false statements that remain in the case. Discovery may entail whether the Individual Defendants had personal knowledge of facts that would have undermined their opinion statements—which constitute the majority of the surviving statements. Beyond the Individual Defendants' knowledge related to their specific alleged opinion statements, permissible discovery may include discovery as to whether Catalent ignored directives by two customers, Sarepta or AveXis, to cease or slow the manufacturing of products. The Court identified those specific allegations as rendering actionable one of the only two non-opinion statements still at issue. *See* ECF Dkt. No. 70 at 19. As to the only other non-opinion statement in the case (*see* Am. Compl. ¶ 301: "We have not experienced any slowdown in our commercial activity or any impact there …."), discovery is likely to be limited. At issue is the extent of the Brussels facility shutdown at the time of the statement. *See* ECF Dkt. No. 70 (MTD Opinion) at 14-15. The full public record reveals that Defendants were transparent that Brussels was fully shut down and also that, when stating on earnings call that Defendants had not experience any slowdown "there," Defendants were not, in fact, referring to the physical Brussels facility but more generally to the overall "demand and the requests for Catalent's services."

Defendants will seek discovery from Plaintiffs regarding, among other things, their trading records and claimed losses, as well as communications concerning Catalent. Defendants also will seek discovery as to Plaintiffs' confidential witnesses, including those witnesses' identities,

alleged statements and other communications about Catalent, as well as their communications with Lead Plaintiffs and/or Plaintiffs' counsel more generally. Defendants may seek discovery from other parties identified or implicated by the allegations in the Amended Complaint, although Defendants believe it is premature at this stage to predict the need for or scope of any third-party discovery.

## IV. INITIAL DISCLOSURES

Under the proposed schedule (*infra* Section XVII), the Parties have agreed to exchange Initial Disclosures, pursuant to Federal Rule 26(a)(1), by September 6, 2024.

## V. DISCOVERY TO DATE

Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), "all discovery and other proceedings [are] stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party" (the "PSLRA Discovery Stay"). 15 U.S.C. § 78u-4(b)(3)(B). Accordingly, because the Court's Motion to Dismiss Opinion and Order was issued on June 28, 2024, the Parties have not yet exchanged any discovery in this Action. For this same reason, the Parties have not encountered any "discovery problems" to date. ECF No. 74 at 3.

## VI. DESCRIPTION OF THE PARTIES' FURTHER DISCOVERY NEEDS

Because discovery was stayed pursuant to the PSLRA Discovery Stay until June 28, 2024, no discovery has been produced in this Action to date. As such, the Parties' discovery needs remain substantial and the Parties believe it is premature to outline specific needs at this time. Should issues in discovery arise, the Parties will seek to resolve such issues without Court intervention, but, if necessary, will bring such issues to the Court's attention as they arise during the course of discovery.

### VII. SPECIAL DISCOVERY NEEDS OF THE PARTIES

The Parties do not have any special discovery needs that bear mentioning in this Joint Discovery Plan.

### VIII. DEPOSITIONS

During the Parties' Federal Rule 26(f) conference, the parties discussed extending the ten (10) deposition limit prescribed by Federal Rule 30(a)(2)(A)(i) given the complexity of this Action. The parties agreed to extend the fact deposition limit to twenty (20) depositions.

### IX. NEED FOR EXPERT TESTIMONY

The Parties believe that expert testimony will be necessary in this Action. As such, deadlines for the submission of expert reports have been included in the proposed schedule provided below. Further, during the Parties' Federal Rule 26(f) conference, Defendants proposed, and Lead Plaintiffs agreed to consider, filing an expert stipulation with the Court that will govern the expert testimony provided in this Action.

### X. BIFURCATION OF DISCOVERY

During the Parties' Federal Rule 26(f) conference, Lead Plaintiffs expressed their belief that there is no need for discovery bifurcation in this Action. Defendants agreed, stating that they would not be seeking to bifurcate discovery.

### XI. LIMITATIONS ON DISCOVERY

The Parties currently do not believe there is a need to place "any limitation[s] . . . upon use of any discovery device." ECF No. 74 at 3; *see also* Federal Rule 26(f)(3)(E); Local Rule 26.1(b)(2)(f).

### XII. CONFIDENTIALITY ORDER

Under the proposed schedule (*infra* Section XVII), the Parties have agreed to submit a proposed Confidentiality Order to the Court by August 29, 2024.

XIII. **NEED FOR A PROTECTIVE ORDER, OR OTHER COURT ORDER**

The Parties do not currently believe there is a need for this Court to issue an order pursuant to Federal Rules 26(c), 16(b), or 16(c). *See* Federal Rule 26(f)(3)(F).

XIV. **PROTECTING PRIVILEGED INFORMATION**

During the Parties' Federal Rule 26(f) conference, Defendants stated that they intended to file a Federal Rule of Evidence 502(d) stipulation with the Court to protect the Parties in instances where privileged information is inadvertently produced during discovery. *See* Federal Rule 26(f)(3)(D); Local Rule 26.1(b)(2)(g). Lead Plaintiffs are amenable to this suggestion, and the Parties currently plan to incorporate such a stipulation into their ESI Protocol which will be filed with the Court. Beyond this agreement, however, the Parties believe it is premature to discuss any potential privilege designations that may be applied by any party during the course of discovery.

XV. **ELECTRONICALLY STORED INFORMATION**

During the Parties' Federal Rule 26(f) conference, the Parties discussed their plans for seeking and producing electronically stored information ("ESI"). Consistent with Local Rule 26.1(d)(2), Defendants informed Lead Plaintiffs that they would be seeking electronic documents, including electronic and instant messages, concerning Lead Plaintiffs' trading reports, trading agreements, and communications with confidential witnesses. Lead Plaintiffs likewise informed Defendants that they would be seeking electronic documents, including electronic and instant messages, from each of the Individual Defendants.

Consistent with Local Rules 26.1(b)(2)(d) and 26.1(d)(3), the Parties also generally discussed the contours of producing ESI in this Action and agreed to provide the Court with an ESI Protocol by August 29, 2024, as is reflected in the proposed schedule (*infra* Section XVII).

XVI. **EVIDENCE PRESERVATION**

Consistent with Local Rule 26(d)(3)(a), during the Parties' Federal Rule 26(f) conference,

the "[p]reservation . . . of digital information," as well as document preservation more generally, was discussed. The Parties have taken all reasonable and necessary steps to preserve evidence, including all ESI, relevant to the issues reasonably evident in this Action, and in compliance with their obligations under the Federal Rules and Local Rules. The Parties have further complied with their obligations, pursuant to the PSLRA, to preserve evidence during the pendency of Defendants' recently decided motion to dismiss. *See* 15 U.S.C. § 78u-4(b)(3)(C)(i). As such, the Parties do not currently foresee any issues arising in this Action regarding evidence preservation.

**XVII.  SCHEDULING**

Pursuant to Your Honor's July 23, 2024 Order Scheduling Conference (ECF No. 74), the Parties have met and conferred regarding scheduling. The Parties propose the following schedule:

**Proposed Schedule**

| Event | Event Date |
|---|---|
| Initial Meeting of the Parties under FRCP 26(f) (including, E-Discovery conference pursuant to Local Rule 26.1(d)) | July 25, 2024 |
| File Joint Proposed Discovery Plan and Proposed Schedule | August 1, 2024 |
| Defendants' Answer to Amended Complaint | August 12, 2024 |
| FRCP 16 - Initial Scheduling Conference | August 15, 2024, at 10:00 a.m. |
| Parties to Submit Proposed Confidentiality Order and ESI Protocol to the Court | August 29, 2024 |
| Initial Disclosures to Be Exchanged | September 6, 2024 |
| Deadline for Parties to Serve any Requests for Production of Documents for Which Substantial Completion Date Applies | September 16, 2024 |
| Parties to Substantially Complete Production of Documents | March 12, 2025[1] |

---

[1] During the Parties' Federal Rule 26(f) conference, Defendants agreed to provide rolling productions throughout the fact discovery period and to avoid back-loading productions near the substantial completion deadline.

| Parties to Discuss Possibility of Scheduling Private Mediation | March 12, 2025 |
|---|---|
| Motion for Class Certification | Opening Motion: May 5, 2025<br>Opposition: July 15, 2025<br>Reply: September 15, 2025 |
| Fact Discovery Deadline | August 12, 2025 |
| Motions to amend or to add parties | September 10, 2025 |
| Lead Plaintiffs' expert report(s) due | September 29, 2025 |
| Defendants' expert report(s) due | October 30, 2025 |
| Lead Plaintiffs' reply report(s) due | December 1, 2025 |
| Expert Discovery Deadline | December 19, 2025 |
| Dispositive Motions | February 16, 2026 |

## XVIII. TRIAL

A jury trial is demanded. The Parties believe it is premature at this point to project the expected length of trial, or when trial in this Action should begin.

## XIX. SETTLEMENT & ADR

The Parties have discussed the suitability of this Action for resolution through "voluntary arbitration, . . . mediation, [or] . . . appointment of a special master or other special procedure." Local Rule 26.1(b)(2)(j). At this time, the Parties do not believe this case is suitable for reference to binding arbitration or mediation, and the Parties are not yet sure whether this Action is suitable for a special master. Nonetheless, the Parties may be amenable to proceeding with private alternative dispute resolution. To that end, a deadline for the Parties to discuss private mediation has been provided for in the proposed schedule (*supra* Section XVII).

Dated: August 1, 2024

Respectfully Submitted,

| | |
|---|---|
| */s/   James E. Cecchi* | */s/   Hope D. Skibitsky* |
| **CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**<br>James E. Cecchi<br>Michael A. Innes<br>Kevin G. Cooper<br>5 Becker Farm Road<br>Roseland, NJ 07068<br>Telephone: (973) 994-1700<br>jcecchi@carellabyrne.com<br>minnes@carellabyrne.com<br>kcooper@carellabyrne.com<br><br>*Liaison Counsel for the Class*<br><br>**LABATON KELLER SUCHAROW LLP**<br>Christine M. Fox (*pro hac vice*)<br>Joseph Cotilletta<br>Adam Federer (*pro hac vice pending*)<br>140 Broadway<br>New York, NY 10005<br>Telephone: (212) 907-0700<br>cfox@labaton.com<br>jcotilletta@labaton.com<br>afederer@labaton.com<br><br>**KESSLER TOPAZ MELTZER & CHECK, LLP**<br>Matthew L. Mustokoff (*pro hac vice*)<br>Joshua E. D'Ancona<br>Jamie M. McCall (*pro hac vice*)<br>David Bocian<br>Max Johnson (*pro hac vice forthcoming*)<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Telephone: (610) 667-7706<br>mmustokoff@ktmc.com<br>jdancona@ktmc.com<br>jmccall@ktmc.com<br>dbocian@ktmc.com<br>mjohnson@ktmc.com | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Eric C. Lyttle (admitted *pro hac vice*)<br>1300 I Street NW, Suite 900<br>Washington, D.C. 20005<br>Tel: (202) 538-8000<br>ericlyttle@quinnemanuel.com<br><br>Jesse Bernstein (admitted *pro hac vice*)<br>Hope D. Skibitsky<br>Phillip B. Jobe (admitted *pro hac vice*)<br>Amy Shehan (*pro hac vice* forthcoming)<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Tel: (212) 849-7000<br>jessebernstein@quinnemanuel.com<br>hopeskibitsky@quinnemanuel.com<br>phillipjobe@quinnemanuel.com<br>amyshehan@quinnemanuel.com<br><br>*and*<br><br>**MARINO, TORTORELLA & BOYLE, P.C.**<br>Kevin H. Marino<br>John D. Tortorella<br>437 Southern Blvd.<br>Chatham, New Jersey 07928<br>Tel: (973) 824-9300<br>kmarino@khmarino.com<br>jtortorella@khmarino.com<br><br>*Attorneys for Defendants Catalent, Inc., John Chiminski, Alessandro Maselli, and Thomas Castellano* |

*Co-Lead Counsel for Lead Plaintiffs SEB Investment Management AB and Public Employees' Retirement System of Mississippi, and the Proposed Class*