**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CITY OF WARWICK RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CATALENT, INC., JOHN CHIMINSKI, ALESSANDRO MASELLI, and THOMAS CASTELLANO, <br><br> Defendants. | Case No: 3:23-cv-01108-ZNQ-JTQ <br><br> Hon. Zahid N. Quraishi, U.S.D.J. |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

**WHEREAS:**

A.      Lead Plaintiffs SEB Investment Management AB and Public Employees' Retirement System of Mississippi (collectively, "Lead Plaintiffs"), on behalf of themselves and the other members of the Settlement Class (defined below), on the one hand, and Defendants Catalent, Inc. ("Catalent"), John Chiminski, Alessandro Maselli, and Thomas Castellano (collectively with Catalent, "Defendants") on the other, and together with Lead Plaintiffs, the "Parties"), have entered into the Stipulation and Agreement of Settlement, dated December 22, 2025 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in Lead Plaintiffs' Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint"), filed on September 15, 2023 ("Complaint"), on the merits and with prejudice (the "Settlement");

B.      The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.      The Parties to the Stipulation have consented to the entry of this order; and

D.      All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this 29th day of December 2025 that:**

1.      **Preliminary Approval of Settlement.** The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2) and certify the proposed Settlement Class, subject to further consideration at the Settlement Hearing described below.

2.      **Certification of the Settlement Class for Purposes of Settlement.** Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all persons and entities who or which, during the period from August 30, 2021 through May 7, 2023, inclusive, purchased or otherwise acquired the publicly traded common stock or exchange-traded call options or sold the exchange-traded put options of Catalent, Inc. and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate families of any Defendant who is an individual; (iii) any person who was an officer, director, and/or control person of Catalent during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling or beneficial interest; (v) Catalent's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such

2

plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity, in their capacities as such.  Also excluded from the Settlement Class are those persons or entities who or which timely and validly seek exclusion from the Settlement Class in accordance with the requirements set forth below and in the Notice.

3.      The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(i)      the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(ii)     there are questions of law and fact common to the Settlement Class Members;

(iii)    the claims of Lead Plaintiffs are typical of the Settlement Class's claims;

(iv)    Lead Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(v)     the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(vi)    a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of

individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, SEB Investment Management AB and Public Employees' Retirement System of Mississippi are preliminarily certified as Class Representatives for the Settlement Class.  The law firms of Labaton Keller Sucharow LLP and Kessler Topaz Meltzer & Check, LLP are preliminarily appointed Class Counsel for the Settlement Class, and Carella, Byrne, Cecchi, Brody & Agnello, P.C. is preliminarily appointed as Liaison Counsel for the Settlement Class.

5.      **Settlement Hearing.** A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, at the United States District Court, District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, Courtroom 4W, 402 East State Street, Trenton, NJ 08608 on **June 10, 2026, at 10:00 a.m.** for the following purposes:

(i)      to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(ii)     to determine whether the proposed Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(iii)    to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiffs should be finally certified as Class Representatives for the Settlement Class; whether the law firms of Labaton Keller Sucharow LLP and Kessler Topaz Meltzer & Check, LLP should be finally appointed as Class Counsel for the

Settlement Class; and whether the law firm of Carella, Byrne, Cecchi, Brody & Agnello, P.C. should be finally appointed as Liaison Counsel for the Settlement Class;

(iv)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(v)    to consider Co-Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(vi)    to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class.  Any such changes shall be posted on the website of the Claims Administrator.

7.    **Approval of Form and Manner of Giving Notice.** The Court approves the form, substance and requirements of the long-form Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release form ("Claim Form"), the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Summary Notice"), and the Postcard Notice, substantially in the forms annexed hereto as Exhibits 1 through 4, respectively, and finds

they collectively: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)– (e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court.

8.      **Retention of Claims Administrator and Notice Date.** The Court approves the retention of Epiq Class Action & Claims Solutions as the Claims Administrator.  The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  The Claims Administrator may also email the Postcard Notice (or Notice) or a link to the Postcard Notice (or Notice) to Settlement Class Members, to the extent it is provided with email addresses.  Catalent, to the extent it has not already done so, shall use reasonable efforts to obtain and provide to Co-Lead Counsel, or the Claims Administrator, at no cost to Co-Lead Counsel, the Settlement Class, or the Claims Administrator, within seven (7) business days of entry of this Preliminary Approval Order, its transfer agent's lists of the names/addresses/emails of Catalent common stock purchasers of record during the Class Period, in electronic searchable form, such as Excel, to the extent reasonably available.

9.      The Claims Administrator shall use reasonable efforts to provide notice of the Settlement to nominees such as custodians, brokerage firms and other persons and entities that purchased Catalent publicly traded common stock and/or exchange-traded options, and/or sold Catalent exchange-traded put options, during the Class Period as record owners but not as beneficial owners.  Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice or Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice or Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator, forward them to all such beneficial owners.  Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available.  Nominees who elect to send the Postcard Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.

10.     Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable expenses incurred in providing notice to beneficial owners of up to: $0.05 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; or $0.05 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by

nominees in compliance with this order shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court.

11.    Contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Postcard Notice, long-form Notice, and Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Postcard Notice and long-form Notice and Claim Form can be downloaded.

12.    Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of the dissemination of notice.

13.    **Approval of Summary Notice.** The Court approves the form of the Summary Notice and directs that Co-Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

14.    The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

15.    **Claims Process.** To be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Claimant shall take the following actions and be subject to the following conditions:

(i)      A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator no later than fifteen (15) calendar days before the Settlement Hearing.  Such deadline may be further extended by Court order or by Co-Lead Counsel in their discretion.  Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Claim Form.  Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Co-Lead Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 17 of this order.

(ii)      The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Co-Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of her, his, or its current authority to act on behalf of the Claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under

penalty of perjury. Claimants bear the burden of establishing their right to a recovery from the Net Settlement Fund.

(iii)     As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

16.     **Appearances, Requests for Exclusion, and Objections.** Any Settlement Class Member may enter an appearance in this Action, at her, his, or its own expense, individually or through counsel of her, his, or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Co-Lead Counsel.

17.     Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address, telephone number, and email address (if any) of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *City of Warwick Retirement System v. Catalent, Inc. et al.,* Case No. 23-cv-01108 (D.N.J.)" and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares for each purchase and sale (if any) of Catalent publicly traded common stock, and/or Catalent option contracts purchased or sold, during the Class Period, and to provide documentation of each such trade.  The request for exclusion shall

not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

18.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund.

19.     Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's application for attorneys' fees and expenses.  Any objections must: (a) state the name, address, telephone number, and email address (if any) of the objector and must be signed by the objector; (b) state that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses in *City of Warwick Retirement System v. Catalent, Inc. et al*., Case No. 23-cv-01108 (D.N.J.);" (c) state the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Settlement Class, such as the date(s), price(s), and number(s) of shares of Catalent publicly traded common stock purchased and sold (if any), and/or Catalent option contracts purchased or sold, during the Class Period. Objectors who are represented by counsel must also provide the name, address and telephone number of all counsel, if any, who represent them; the number of times the objector and their counsel have filed an objection to a class action settlement in the last five years; the nature of each such objection in each case; and the name and docket number of each case.

20.     The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or

expenses only if such Settlement Class Member has served by hand or by mail her, his, or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Co-Lead Counsel: Christine M. Fox, Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005 and Joshua E. D'Ancona, Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087; and Defendant's Counsel: Jesse A. Bernstein, Quinn Emanuel Urquhart & Sullivan, LLP, 295 5th Avenue, 9th Floor, New York, NY 10016, and has filed, either by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court, District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, Room 2020, 402 East State Street, Trenton, NJ 08608.

21.    Attendance at the Settlement Hearing is not necessary, however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to state in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

22.    Settlement Class Members do not need to appear at the hearing or take any other action to state their approval.

23.    Any Settlement Class Member who does not make her, his, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation,

or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

24.    **Stay of Proceedings**. Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement.  Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute or commence any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

25.    **Supporting Papers.** All papers in support of the Settlement, Plan of Allocation, and Co-Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

26.    **Settlement Fund.** All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

27.    Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Co-Lead Counsel or Lead Plaintiffs.

28.    **Termination of Settlement.** If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be

introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective statuses and litigation positions as they were immediately prior to the execution of the Term Sheet on November 21, 2025.

29.    **Use of this Order.** Neither this Order, the Term Sheet, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiffs,  or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; and (d) shall be construed against the Released Plaintiff Parties that any of their claims

are without merit, that any of Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

30.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

SO ORDERED this 29th day of December 2026.

_____
HONORABLE ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY OF WARWICK RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated, | Case No: 3:23-cv-01108-ZNQ-JTQ |
| Plaintiff, | Hon. Zahid N. Quraishi, U.S.D.J. |
| v. | |
| CATALENT, INC., JOHN CHIMINSKI, ALESSANDRO MASELLI, and THOMAS CASTELLANO, | |
| Defendants. | |

### NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

If you purchased or otherwise acquired the publicly traded common stock or exchange-traded call options or sold the exchange-traded put options of Catalent, Inc. during the period from August 30, 2021 through May 7, 2023, inclusive (the "Class Period"), and were allegedly damaged thereby, you may be entitled to a payment from a class action settlement.[1]

*A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.*

- This Notice describes important rights you may have and what steps you must take if you wish to be eligible for a payment from the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.

- If approved by the Court, the proposed Settlement will create a **$78,000,000 fund**, plus earned interest, for the benefit of eligible Settlement Class Members after the deduction of Court-approved fees, expenses, and Taxes.  This is an average recovery of approximately $0.61 per allegedly damaged common stock share, $0.04 per allegedly damaged call option, and $0.14 per allegedly damaged put option before deductions for awarded attorneys' fees and Litigation Expenses, and $0.44 per allegedly damaged common stock share, $0.03 per allegedly damaged call option, and $0.10 per allegedly damaged put option after deductions for awarded attorneys' fees and Litigation Expenses.

- The Settlement resolves claims by Court-appointed Lead Plaintiffs SEB Investment Management AB ("SEB") and Public Employees' Retirement System of Mississippi ("MPERS," and together with SEB, "Lead Plaintiffs"), that have been asserted on behalf of the Settlement Class (defined below) against Catalent, Inc. ("Catalent" or the

---

[1] The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated December 22, 2025 (the "Stipulation"), which can be viewed at www.CatalentSecuritiesSettlement.com.  All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

"Company"), John Chiminski, Alessandro Maselli, and Thomas Castellano (collectively, "Defendants").  The Settlement avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability and the Released Plaintiffs' Claims (defined below).

**If you are a member of the Settlement Class, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____ , 2026** | The only way to get a payment.  *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____ , 2026** | Get no payment.  This is the only option that, assuming your lawsuit is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiffs' Claims.  *See* Question 10 for details. |
| **OBJECT BY _____ , 2026** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Co-Lead Counsel's Fee and Expense Application.  If you object, you will still be in the Settlement Class.  *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON _____ , 2026 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____ , 2026** | Ask to speak in Court at the Settlement Hearing about the Settlement.  *See* Question 18 for details. |
| **DO NOTHING** | Get no payment.  Give up rights.  Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement.  Payments will be made to all eligible Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

**WHAT THIS NOTICE CONTAINS**

PSLRA Summary of the Notice                                             Page __
Why did I get the Postcard Notice?                                      Page __
How do I know if I am part of the Settlement Class?                     Page __
Are there exceptions to being included?                                 Page __
Why is this a class action?                                            Page __
What is this case about and what has happened so far?                   Page __
What are the reasons for the Settlement?                                Page __
What does the Settlement provide?                                       Page __

How can I receive a payment?                                                    Page __
What am I giving up to receive a payment and by staying in the
  Settlement Class?                                                             Page __
How do I exclude myself from the Settlement Class?                             Page __
If I do not exclude myself, can I sue Defendants and the other
  Released Defendant Parties for the same reasons later?                        Page __
Do I have a lawyer in this case?                                                Page __
How will the lawyers be paid?                                                  Page __
How do I tell the Court that I do not like something about the
  proposed Settlement?                                                         Page __
What is the difference between objecting and seeking exclusion?                Page __
When and where will the Court decide whether to approve the
  Settlement?                                                                  Page __
Do I have to come to the Settlement Hearing?                                   Page __
May I speak at the Settlement Hearing?                                         Page __
What happens if I do nothing at all?                                           Page __
Are there more details about the Settlement?                                   Page __
How will my claim be calculated?                                               Page __
Special notice to securities brokers and nominees                              Page __

**PSLRA SUMMARY OF THE NOTICE**

<u>**Statement of the Settlement Class's Recovery**</u>

       1.      Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $78,000,000 in cash (the "Settlement Amount"), which is to be paid by insurance and which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). Based on Lead Plaintiffs' consulting damages expert's estimate of the number of shares of Catalent common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.61 per allegedly damaged share, $0.04 per allegedly damaged call option, and $0.14 per allegedly damaged put option. If the Court approves Co-Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.44 per allegedly damaged share, $0.03 per allegedly damaged call option, and $0.10 per allegedly damaged put option. **These average recovery amounts are only estimates and**

- 3 -

**Settlement Class Members may recover more or less than these estimates.** An individual Settlement Class Member's actual recovery will depend on several factors, as explained in the proposed Plan of Allocation beginning on page __. Please refer to the Plan for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.      The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiffs were to prevail on each claim. The issues that the Parties disagree about include, for example: (i) whether Defendants made any statements or omissions that were materially false or misleading, or were otherwise actionable under the federal securities laws; (ii) whether any such statements or omissions were made with the requisite level of intent; (iii) the amount by which the price of Catalent common stock and call options was allegedly artificially inflated (or deflated in the case of put options), if at all, during the Class Period; and (iv) the extent to which factors unrelated to the alleged fraud, such as general market, economic, and industry conditions, influenced the trading prices of Catalent common stock and options during the Class Period.

3.      Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Co-Lead Counsel will apply to the Court, on behalf of Plaintiffs' Counsel, for attorneys' fees from the Settlement Fund of no more than 25% of the Settlement Fund, which includes any accrued interest, *i.e.*, $19,500,000, plus accrued interest. Co-Lead Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $2 million, plus accrued interest, which may include an application pursuant to the Private

Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiffs directly related to their representation of the Settlement Class. If the Court approves Co-Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.17 per allegedly damaged share, $0.01 per allegedly damaged call option, and $0.04 per allegedly damaged put option. A copy of the Fee and Expense Application will be posted on www.CatalentSecuritiesSettlement.com after it has been filed with the Court.

**Reasons for the Settlement**

5.      For Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to, among other factors, the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated motions to be filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in such litigation.

6.      For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7.      Lead Plaintiffs and the Settlement Class are represented by Co-Lead Counsel, Christine M. Fox, Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com; and Joshua E. D'Ancona, Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, (610) 667-7706, www.ktmc.com, info@ktmc.com.

8.      Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: *Catalent Securities Settlement*, c/o Epiq Class

Action & Claims Solutions, P.O. Box _____, _____, (___) ___, www.CatalentSecuritiesSettlement.com.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

| **1. Why did I get the Postcard Notice?** |
| --- |

9.      You may have received a Postcard Notice about the proposed Settlement.  This long-form Notice provides additional information about the Settlement and related procedures. The Court authorized that the Postcard Notice be sent to you because you or someone in your family may have purchased or otherwise acquired shares of Catalent publicly traded common stock and/or call options, and/or sold Catalent put options during the Class Period.  **Receipt of the Postcard Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  The Parties to the Action do not have access to your individual investment information.  If you wish to be eligible for a payment, you are required to submit the Claim Form that is available at www.CatalentSecuritiesSettlement.com.  *See* Question 8 below.**

10.      The Court directed that the Postcard Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.      The Court in charge of the Action is the United States District Court for the District of New Jersey, and the case is known as *City of Warwick Retirement System v. Catalent, Inc. et al.*, Case No. 3:23-cv-01108 (D.N.J.).  The Action is assigned to the Honorable Zahid N. Quraishi, United States District Judge, and Magistrate Judge Justin T. Quinn.

| **2. How do I know if I am part of the Settlement Class?** |
| --- |

12.     The Court directed that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

> **All persons and entities who or which, during the period from August 30, 2021 through May 7, 2023, inclusive, purchased or otherwise acquired the publicly traded common stock or exchange-traded call options or sold the exchange-traded put options of Catalent, Inc. and were allegedly damaged thereby.**

13.     If one of your mutual funds purchased Catalent publicly traded common stock or call options, or sold Catalent put options during the Class Period, that does not make you a Settlement Class Member, although your mutual fund may be.  You are a Settlement Class Member only if you individually purchased or otherwise acquired Catalent publicly traded common stock or call options, or sold Catalent put options, during the Class Period.  Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions. The Parties to the Action do not independently have access to your trading information.

## 3.  Are there exceptions to being included?

14.     Yes.  There are some individuals and entities who are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate families of any Defendant who is an individual; (iii) any person who was an officer, director, and/or control person of Catalent during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling or beneficial interest; (v) Catalent's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity, in their capacities as such. Also excluded from the Settlement Class is anyone who timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 10 below.

**4. Why is this a class action?**

15.     In a class action, one or more persons or entities (in this case, Lead Plaintiffs), sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.  In this Action, the Court has appointed SEB Investment Management AB and Public Employees' Retirement System of Mississippi to serve as Lead Plaintiffs and has appointed Labaton Keller Sucharow LLP and Kessler Topaz Meltzer & Check, LLP to serve as Co-Lead Counsel.

**5. What is this case about and what has happened so far?**

16.     Catalent is a multinational corporation that manufactures and packages drugs into delivery devices fit for human consumption (*i.e.,* pre-filled syringes, vials, pills, etc.), pursuant to long-term supply contracts with pharmaceutical companies.  Catalent manufactures and packages these products for pharmaceutical companies, which later sell them through the supply chain to healthcare providers (*i.e.*, hospitals, clinics, etc.) that administer them to patients.  Lead Plaintiffs alleged that Defendants made materially false and misleading statements or omissions with respect to: (i) the quality and operationality of certain of Catalent's manufacturing facilities; and (ii) the Company's financial and accounting controls.  The Complaint alleged that the prices of Catalent's publicly traded common stock and options were artificially inflated (or deflated) during the Class Period as a result of Defendants' allegedly false and misleading statements and omissions, and Catalent's securities' prices declined (or rose) when the truth was allegedly revealed through a series of partial corrective disclosures.

17.     On June 12, 2023, pursuant to the PSLRA, the Court appointed MPERS and SEB as Lead Plaintiffs and Labaton and Kessler Topaz as Co-Lead Counsel.

18.     On September 15, 2023, Lead Plaintiffs filed the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint," ECF No. 47) asserting claims against Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.

19.     Prior to filing the Complaint, Lead Plaintiffs, through Co-Lead Counsel, conducted an investigation relating to the claims, defenses, underlying events, and transactions that are the subject of the Action.  This process included reviewing and analyzing: (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; (v) the applicable law governing the claims and potential defenses; and (vi) consultation with experts in the areas of loss causation, damages, accounting, and internal controls.  Additionally, Lead Plaintiffs, though Co-Lead Counsel, contacted and interviewed former Catalent employees who provided information about the allegations in the Action.

20.     On November 15, 2023, Defendants filed a motion to dismiss the Complaint.  Lead Plaintiffs filed their memorandum of law in opposition to the motion on January 12, 2024, and on February 15, 2024, Defendants filed their reply.

21.     On June 28, 2024, the Court entered its Opinion denying in part and granting in part Defendants' motion to dismiss the Complaint.

22.     On August 12, 2024, Defendants served their Answer to the Complaint and discovery commenced.  The Parties exchanged initial disclosures and thereafter served requests for the production of documents, interrogatories, and requests for admission on each other, and served subpoenas on third parties.  The Parties engaged in numerous meet-and-confer conferences regarding the scope of discovery, including discussions on document custodians and search terms. By October 2025, Defendants had produced approximately 377,500 documents (approximately 3,600,000 pages) to Lead Plaintiffs, Lead Plaintiffs had produced approximately 1,000 documents (approximately 49,400 pages) to Defendants, and third parties had produced approximately 57,400 documents (approximately 287,700 pages).

23.     Additionally, Lead Plaintiffs took nine fact depositions of current or former Catalent employees and were scheduled to take, or were in the process of scheduling, eleven additional fact depositions, including the depositions of the three Individual Defendants.  The Parties were in the middle of fact discovery when they reached an agreement in principle to settle.

24.     Lead Plaintiffs served their motion for class certification on July 1, 2025. Defendants served their memorandum of law in opposition to the motion on October 30, 2025. Briefing was set to be completed and filed with the Court on January 15, 2026.  In connection with the motion for class certification, Defendants took depositions of, and Lead Plaintiffs defended the depositions of: (i) two representatives from MPERS; (ii) two representatives from SEB; (iii) two external investment managers of SEB and MPERS, which purchased Catalent stock for the Lead Plaintiffs during the Class Period; and (iv) Lead Plaintiffs' market efficiency and damages expert, Chad Coffman.

25.     The Parties began exploring the possibility of a settlement in May 2025; however, the Parties agreed that it was prudent to engage in further discovery before scheduling a mediation

session.  In August 2025, the Parties agreed to retain David Murphy of Phillips ADR Enterprises to act as mediator in the Action (the "Mediator").

26.    On November 19, 2025, Co-Lead Counsel and Defendants' Counsel, among others, participated in a full-day, in-person mediation session before the Mediator.  In advance of that session, the Parties submitted detailed opening and reply mediation statements to the Mediator, together with supporting exhibits, which addressed both liability and damages issues. The session ended with a Mediator's proposal for a settlement ("Mediator's Settlement Proposal").  On November 21, 2025, the Parties accepted the Mediator's Settlement Proposal. The Parties memorialized their agreement in a Term Sheet that was executed on November 21, 2025, subject to the execution of a formal settlement agreement, related papers, and approval by the Court.  On December __, 2025 the Parties executed the Stipulation.

**6.  What are the reasons for the Settlement?**

27.    The Court did not finally decide in favor of Lead Plaintiffs or Defendants.  Instead, both sides agreed to a settlement.  Lead Plaintiffs and Co-Lead Counsel believe that the claims asserted in the Action have merit.  They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages.  Lead Plaintiffs and Co-Lead Counsel are mindful of the inherent problems of proof and the defenses to the claims alleged in the Action.  As discovery proceeded, they were able to better evaluate the strengths and weaknesses of the allegations and chances of success in the Action.  Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Co-Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.

28.     Defendants have denied and continue to deny each and every claim alleged by Lead Plaintiffs in the Action, including all claims in the Complaint, and specifically deny any wrongdoing and that they have committed any act or omission giving rise to any liability or violation of law.  Defendants deny that any member of the Settlement Class has suffered damages or that the prices of Catalent publicly traded common stock were artificially inflated (or deflated) by reason of the alleged misrepresentations, omissions, or otherwise.  Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

### THE SETTLEMENT BENEFITS

**7.  What does the Settlement provide?**

29.     In exchange for the Settlement and the release of the Released Plaintiffs' Claims against the Released Defendant Parties (*see* Question 9 below), Catalent has agreed to cause a $78,000,000 payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms that are found to be eligible to receive a distribution from the Net Settlement Fund.

**8.  How can I receive a payment?**

30.     To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form.  You may obtain one from the website dedicated to the Settlement: www.CatalentSecuritiesSettlement.com, or from Co-Lead Counsel's websites: www.labaton.com or www.ktmc.com, or submit a claim online at

www.CatalentSecuritiesSettlement.com.  You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at _____.

31.     Please read the instructions contained in the Claim Form carefully, fill out the form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than _____, 2026.**

## 9.  What am I giving up to receive a payment and by staying in the Settlement Class?

32.     If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the Effective Date of the Settlement, you will release all Released Plaintiffs' Claims against the Released Defendant Parties.  All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a)     **"Released Plaintiffs' Claims"** means any and all claims, causes of action, disputes, demands, damages, liabilities, losses, and charges of every nature and description, whether known or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law or any other law, rule, or regulation, whether foreign or domestic, that Lead Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action or (b) could have asserted in the Action, or in any other action or in any other forum, that arise out of, are based upon, are related to, or are in consequence of both: (1) the allegations, transactions, facts, matters or occurrences, representations, omissions, disclosures, non-disclosures, matters that would have been barred by *res judicata* had the Action been fully litigated to a final judgment, or failures to act that were involved, set forth, or referred to in the complaints filed in the Action; and (2) the purchase or acquisition of Catalent publicly

- 13 -

traded common stock or exchange-traded call options, or sale of exchange-traded Catalent put options, during the Class Period.  For the avoidance of doubt, the Released Plaintiffs' Claims shall not include: (i) claims to enforce the Settlement; and (ii) claims in any shareholder derivative action.

(b)  **"Released Defendant Parties"** means Defendants and each of their respective former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities, affiliates, present and former employees, members, partners, principals, officers (including the Individual Defendants), directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, general or limited partners or partnerships, limited liability companies, members, joint ventures, insurers and reinsurers of each of them, predecessors, successors, estates, Immediate Family Members, heirs, executors,   trustees, administrators, legal representatives, and assigns of each of them, in their capacities as such; and the predecessors, successors, estates, Immediate Family Members, heirs, executors, trustees, administrators, agents, legal representatives, and assigns of each of them, in their capacities as such, as well as any trust of which any Released Defendant Party is the settlor or which is for the benefit of any of their Immediate Family Members.

(c)  "**Unknown Claims**" means any and all Released Plaintiffs' Claims that Lead Plaintiffs or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that Defendants do not know or suspect to exist in his or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that,

upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the Action, the Released Plaintiffs' Claims or the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

33.    The "**Effective Date**" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.

34.    Upon the Effective Date, Defendants will also provide a release of any claims against Lead Plaintiffs, the Settlement Class, and Co-Lead Counsel arising out of or related to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

35.    If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiffs' Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note: If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed.**  Catalent has the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

| **10.  How do I exclude myself from the Settlement Class?** |
| --- |

36.    To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *City of Warwick Retirement System v. Catalent, Inc. et al*., Case No. 23-cv-01108 (D.N.J.)."  You cannot exclude yourself by telephone or email.  Each request for exclusion must also: (i) state the name, address, email address (if any), and telephone number of the Person seeking exclusion; (ii) state the date(s), price(s), and number(s) of shares for each purchase/acquisition and sale (if any) of Catalent publicly traded common stock, and/or exchange-traded options purchased or sold during the Class Period; and (iii) be signed by the Person requesting exclusion.  Requests must be submitted with documentary proof of each such trade.  A request for exclusion must be mailed so that it is **received no later than _____, 2026** at:

*Catalent Securities Settlement*
c/o _____
EXCLUSIONS
P.O. Box _____
CITY, STATE, ZIP

37.    Your exclusion request must comply with these requirements in order to be valid.

38.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you.  If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

| **11.    If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later?** |
| --- |

39.    No.  Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims.  If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2026**.**

## THE LAWYERS REPRESENTING YOU

| **12.  Do I have a lawyer in this case?** |
| --- |

40.    Labaton and Kessler Topaz are Co-Lead Counsel in the Action and represent all Settlement Class Members.  You will not be separately charged for these lawyers.  The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 13.  How will the lawyers be paid? |
|---|

41.     Co-Lead Counsel have been prosecuting the Action on a contingent basis and have not been paid for any of their work.  Co-Lead Counsel will seek, on behalf of Plaintiffs' Counsel,[2] an attorneys' fee award of no more than 25% of the Settlement Fund, which includes accrued interest.  Co-Lead Counsel will also seek payment of Litigation Expenses incurred in the prosecution of the Action of no more than $2 million, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of Lead Plaintiffs directly related to their representation of the Settlement Class.  As explained above, any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR
THE FEE AND EXPENSE APPLICATION**

| 14.  How do I tell the Court that I do not like something about the proposed Settlement? |
|---|

42.     If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Co-Lead Counsel's Fee and Expense Application.  You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

43.     To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*City of Warwick*

---

[2] Plaintiffs' Counsel are Co-Lead Counsel, Carella, Byrne, Cecchi, Brody & Agnello, P.C., and Davidson Bowie, PLLC.

*Retirement System v. Catalent, Inc. et al.*, Case No. 23-cv-01108 (D.N.J.)." The objection must also: (i) state the name, address, telephone number, and email address (if any) of the objector and must be signed by the objector; (ii) contain a statement of the objection or objections and the specific reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to show the objector's membership in the Settlement Class, including the number of shares of Catalent publicly traded common stock, put options and call options purchased/acquired and sold (if any) during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Co-Lead Counsel's Fee and Expense Application. Your objection must be filed with the Court **no later than** _____, 2026 **and** be mailed or delivered to the following counsel so that it is **received no later than** _____, 2026

|  **Court**  |  **Co-Lead Counsel**  |  **Defendants' Counsel**  |
|---|---|---|
| **Clerk of the Court**<br>United States District Court<br>District of New Jersey<br>Clarkson S. Fisher Building<br>U.S. Courthouse - Room 2020<br>402 East State Street<br>Trenton, NJ 08608 | **Labaton Keller Sucharow LLP**<br>Christine M. Fox, Esq.<br>140 Broadway<br>New York, NY 10005<br><br>**Kessler Topaz Meltzer &<br>Check, LLP**<br>Joshua E. D'Ancona, Esq.<br>280 King of Prussia Road<br>Radnor, PA 19087 | **Quinn Emanuel Urquhart &<br>Sullivan LLP**<br>Jesse A. Bernstein, Esq.<br>295 Fifth Avenue, 9th Floor<br>New York, NY 10016 |

- 19 -

44.     You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court.  An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

| 15.  What is the difference between objecting and seeking exclusion? |
| --- |

45.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Co-Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

| 16.  When and where will the Court decide whether to approve the Settlement? |
| --- |

46.     The Court will hold the Settlement Hearing on **_____, 2026 at ____ _.m. (ET)**, either remotely or in person, in Courtroom ___ of the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street Room 2020, Trenton, NJ 08608.

47.     At this hearing, the Court will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the proposed Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Co-Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved.  The

Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

48. The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without another individual notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Co-Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website at www.CatalentSecuritiesSettlement.com to see if the Settlement Hearing stays as scheduled or is changed.

| **17. Do I have to come to the Settlement Hearing?** |
|---|

49. No. Co-Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2026.**

| **18. May I speak at the Settlement Hearing?** |
|---|

50. You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must, **no later than _____ __, 2026,** submit a statement that you, or your attorney, intend to appear in "*City of Warwick Retirement System v. Catalent, Inc. et al*., Case No. 23-cv-01108 (D.N.J.)." If you intend to present evidence at the Settlement Hearing, you must also include in your objection (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing. You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of

your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

## IF YOU DO NOTHING

**19. What happens if I do nothing at all?**

51.     If you do nothing and you are a member of the Settlement Class, you will not receive any money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

## GETTING MORE INFORMATION

**20. Are there more details about the Settlement?**

52.     This Notice summarizes the proposed Settlement.  More details are in the Stipulation.  You can get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website for the Settlement, www.CatalentSecuritiesSettlement.com, or the websites of Co-Lead Counsel, www.labaton.com or www.ktmc.com.  You may also call the Claims Administrator toll free at _____ or write to the Claims Administrator at *Catalent Securities Settlement,* c/o Epiq Class Action & Claims Solutions, P.O. Box _____, _____, info@_____.com.

53.     You may also review the Stipulation filed with the Court or other documents in the case during business hours at the Office of the Clerk of the Court, United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State

Street, Room 2020, Trenton, NJ 08608. (Please check the Court's website, www.njd.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

**Please do not call the Court with questions about the Settlement.**

### PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

| 21.  How will my claim be calculated? |
| --- |

54.     The Plan of Allocation (or "Plan") below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Lead Plaintiffs and Co-Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website at www.CatalentSecuritiesSettlement.com.

55.     As noted above, the Settlement Amount and the interest it earns is the Settlement Fund. The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the Net Settlement Fund. If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that show a "Recognized Claim" according to the proposed Plan of Allocation (or any other plan of allocation approved by the Court) ("Authorized Claimants").

56.     The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities law with respect to shares of Catalent publicly traded common stock and exchange-traded call options purchased or otherwise acquired during the period from August 30, 2021 through May 7, 2023, inclusive (the Class Period) and Catalent

exchange-traded put options sold during the Class Period.  The Plan of Allocation measures the amount of loss that a Settlement Class Member can claim for purposes of making proportional *pro rata* allocations of the Net Settlement Fund to Authorized Claimants. The Claims Administrator will calculate Claimants' claims and will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim, as defined below.

57.    To design this Plan, Co-Lead Counsel conferred with Lead Plaintiffs' consulting damages expert.  The Plan of Allocation, however, is not a formal damages analysis.  The calculations made pursuant to the Plan of Allocation are not intended to estimate, or be indicative of, the amounts that Settlement Class Members might have been able to recover as damages after a trial.  Nor are the calculations, including the Recognized Loss formulas, intended to estimate the amounts that will be paid to Authorized Claimants.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund and the Recognized Claim amounts are the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

58.    Claims asserted in the Action pursuant to Section 10(b) of the Exchange Act serve as the basis for calculating the Recognized Loss Amounts under the Plan of Allocation.  For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue. In this case, Lead Plaintiffs alleged that Defendants issued false statements and omitted material facts during the Class Period that allegedly artificially inflated the price of Catalent common stock and Catalent call options, while artificially deflating the price of Catalent put options. The Plan is based on allegedly corrective information released after market close on September 20, 2022,

prior to market open on November 1, 2022, during market hours on December 8, 2022, prior to market open on April 14, 2023, and prior to market open on May 8, 2023, that allegedly impacted the market price of Catalent common stock and options on September 21, 2022, November 1, 2022, December 8, 2022, April 14, 2023, and May 8, 2023 in a statistically significant manner and removed the alleged artificial inflation from the price of Catalent common stock and Catalent call options on those days (and the artificial deflation from the price of Catalent put options). Accordingly, in order to have a compensable loss under this Settlement, a Settlement Class Member must have held shares of Catalent common stock or call options purchased or otherwise acquired during the Class Period through at least one of the alleged corrective disclosure dates listed above, and with respect to Catalent put options, a Settlement Class Member must have sold (written) those options during the Class Period and such option(s) must have remained open through at least one of the alleged corrective disclosure dates listed above.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

59.    A "Recognized Loss Amount" will be calculated by the Claims Administrator, as set forth below, for each purchase/acquisition of Catalent common stock and call options and each sale (writing) of Catalent put options during the Class Period that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number (a gain), that number will be set to zero. The sum of a Claimant's Recognized Loss Amounts will be their "Recognized Claim." An Authorized Claimant's Recognized Claim will be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.

60.    For purposes of determining whether a Claimant has a Recognized Claim, if the Claimant has more than one purchase/acquisition or sale of Catalent common stock or options during the relevant time periods, all purchases/acquisitions and sales of the like security will be

- 25 -

matched on a First In, First Out ("FIFO") basis. With respect to Catalent common stock and call options, sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the relevant time periods. For Catalent put options, purchases/acquisitions will be matched first to close out positions open at the beginning of the Class Period, and then against Catalent options sold (written) during the Class Period in chronological order.

61.    Any transactions in Catalent common stock and options executed outside of regular trading hours for the U.S. financial markets will be deemed to have occurred during the next regular trading session.

## CLAIMS FOR CATALENT COMMON STOCK

62.    **For each share of Catalent common stock purchased or otherwise acquired from August 30, 2021 through, and including, May 7, 2023 and:**

A. Sold before the opening of trading on September 21, 2022, the Recognized Loss Amount for each such share will be $0.00;

B. Sold after the opening of trading on September 21, 2022, through the close of trading on May 7, 2023, the Recognized Loss Amount for each such share will be ***the lesser of***: (i) the amount of artificial inflation per such share on the date of purchase/acquisition as stated in **Table A** below ***minus*** the amount of artificial inflation per such share on the date of sale as stated in **Table A** below; or (ii) the purchase/acquisition price ***minus*** the sale price;

C. Sold from May 8, 2023, through the close of trading on August 4, 2023, the Recognized Loss Amount for each such share will be ***the least of***: (i) the amount of artificial inflation per such share on the date of purchase/acquisition, as stated in **Table A** below; (ii) the purchase/acquisition price ***minus*** the average closing price between May 8, 2023 and the date of sale, as stated in **Table B** below; or (iii) the purchase/acquisition price  ***minus*** the sale price; or

D. Retained as of the close of trading on August 4, 2023, the Recognized Loss Amount for each such share will be ***the lesser of***: (i) the amount of artificial inflation per such share on the date of purchase/acquisition as stated in **Table A** below; or (ii) the

purchase/acquisition price **_minus_** $41.75, the average closing price between May 8, 2023 and August 4, 2023, as stated in **Table B** below.[3]

## CLAIMS FOR CATALENT CALL AND PUT OPTIONS

63.    Exchange-traded options are traded in units called "contracts" which entitle the holder to buy (in the case of a call option) or sell (in the case of a put option) 100 shares of the underlying security, which in this case is Catalent common stock. Throughout this Plan of Allocation, all price quotations are per share of the underlying security (i.e., 1/100 of a contract).

64.    Each option contract specifies a strike price and an expiration date. Contracts with the same strike price and expiration date are referred to as a "series" and each series represents a different security that trades in the market and has its own market price (and thus its own artificial inflation or deflation). Under the Plan of Allocation, the dollar artificial inflation per share (i.e., 1/100 of a contract) for each series of Catalent call options and the dollar artificial deflation per share (i.e., 1/100 of a contract) for each series of Catalent put options has been calculated by Lead Plaintiffs' damages expert. **Table C** sets forth the dollar artificial inflation per share in Catalent call options during the Class Period. **Table D** sets forth the dollar artificial deflation per share in Catalent put options during the Class Period. **Table C** and **Table D**  list only series of exchange-traded Catalent options that expired on or after September 21, 2022—the date of the first alleged

---

[3] Pursuant to Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff will not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Catalent common stock during the "90-day look-back period," May 8, 2023 through and including August 4, 2023. The mean (average) closing price for Catalent common stock during this 90-day look-back period was $41.75.

corrective disclosure. Any Catalent options traded during the Class Period that are not found on

**Table C** and **Table D** have a Recognized Loss Amount of zero under the Plan of Allocation.

65.      **For each Catalent call option purchased or otherwise acquired during the**

**Class Period, and:**

A.  Closed (through sale, exercise, or expiration) before September 21, 2022, the Recognized Loss Amount will be $0.00;

B.  Closed (through sale, exercise, or expiration) during the period from September 21, 2022 through the close of trading on May 7, 2023, the Recognized Loss Amount for each such option will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in **Table C** below **_minus_** the amount of artificial inflation per share on the date of close as stated in **Table C**; or (ii) if closed through sale, the purchase/acquisition price **_minus_** the sale price, or if closed through exercise or expiration, the purchase/acquisition price minus the value per option on the date of exercise or expiration; or

C.  Was open as of the close of trading on May 8, 2023, the Recognized Loss Amount will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in **Table C**; or (ii) the purchase/acquisition price **_minus_** the closing price of that option on May 8, 2023 (i.e., the "Holding Price") as stated in **Table C**.

66.      **For each Catalent put option sold (written) or otherwise acquired during the**

**Class Period, and:**

A.  Closed (through purchase, exercise, or expiration) before September 21, 2022, the Recognized Loss Amount will be $0.00;

B.  Closed (through purchase, exercise, or expiration) during the period from September 21, 2022 through and including the close of trading on May 7, 2023, the Recognized Loss Amount will be ***the lesser of***: (i) the amount of artificial deflation per share on the date of sale (writing) as stated in **Table D** below **_minus_** the amount of artificial deflation per share on the date of close as stated in **Table D**; or (ii) if closed through purchase, the purchase price **_minus_** the sale price, or if closed through exercise or expiration, the value per option on the date of exercise or expiration  minus the sale price; or

C.  Was open as of the close of trading on May 8, 2023, the Recognized Loss Amount will be ***the lesser of***: (i) the amount of artificial deflation per share on the date of sale (writing) as stated in **Table D**; or (ii) the closing price on May 8, 2023 (i.e., the "Holding Price") as stated in Table D **_minus_** the sale price.

67.    **Maximum Recovery for Options:** The Settlement proceeds available for Catalent call options purchased/acquired during the Class Period and Catalent put options sold (written) during the Class Period will be limited to a total amount up to 2% of the Net Settlement Fund. Thus, if cumulative Recognized Loss Amounts for Catalent call options and Catalent put options exceed 2% of all Recognized Claims, then the Recognized Loss Amounts calculated for option transactions will be reduced proportionately until they collectively equal 2% of all Recognized Claims. In the unlikely event that the Net Settlement Fund is sufficient to pay 100% of the Catalent common stock-based claims, any excess amount will be used to pay the balance on the remaining option-based claims.

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

68.    "Purchase/Sale" Prices: For the purpose of calculations under this Plan, "purchase/acquisition price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual price sold at, not deducting any fees, taxes, and commissions.

69.    "Purchase/Sale" Dates: Purchases, acquisitions, and sales of Catalent common stock and Catalent call and put options ("Catalent Securities") will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. The receipt or grant by gift, inheritance or operation of law of Catalent Securities during the Class Period will not be deemed a purchase, acquisition, or sale of such Catalent Securities for the calculation of a Claimant's Recognized Claim, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Catalent Securities, unless (i) the donor or decedent purchased/acquired/sold such Catalent Securities during the Class Period; (ii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone

else with respect to such Catalent Securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

70.    The Catalent Securities listed in this Plan of Allocation are the only securities eligible for a recovery from the Settlement.

71.    In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale " is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.  In the event that a Claimant newly establishes a short position during the Class Period, the earliest subsequent purchase or acquisition will be matched against such short position on a FIFO basis and will not be entitled to a recovery.

72.    If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

73.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

74.     Settlement Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund, however they will nevertheless be bound by the Settlement and the final Judgment of the Court dismissing this Action and related claims.

75.     Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement and the Settlement has reached its Effective Date.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, if any, redistribute such balance, in an equitable and economic fashion, among Authorized Claimants who have cashed their checks.  These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible or economical to distribute.  Any balance that still remains in the Net Settlement Fund after such re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to Consumer Federation of America, or such other private, non-profit, non-sectarian 501(c)(3) organization designated by Lead Plaintiffs and approved by the Court.

76.     Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Claimants.  No Person shall have any claim against Lead Plaintiffs, Co-Lead Counsel, their damages expert, the Claims Administrator, or other agent designated by Co-Lead Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Lead Plaintiffs, Defendant, Defendants' Counsel, and all other Released Defendant Parties shall have no responsibility for or liability whatsoever for the

investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

77.    Each Claimant is deemed to have submitted to the jurisdiction of the United States District Court for the District of New Jersey with respect to his, her, or its claim.

## Table A
### Catalent Common Stock Artificial Inflation for Purposes of Calculating Purchase and Sale Inflation

| Transaction Date | Artificial Inflation Per Share[4] |
|---|---|
| 8/30/2021 - 9/20/2022 | $42.66 |
| 9/21/2022 - 10/31/2022 | $38.84 |
| 11/1/2022- 12/07/2022 | $28.18 |
| 12/8/2022 - 4/13/2023 | $25.75 |
| 4/14/2023 - 5/7/2023 | $9.78 |
| 5/8/2023 - Present | $0.00 |

## Table B
### 90-Day Look-Back Period for Catalent Common Stock
### (Closing Price and Average Closing Price: May 8, 2023 – August 4, 2023)

| Date | Closing Price | Average Closing Price Between May 8, 2023 and Date Shown | Date | Closing Price | Average Closing Price Between May 8, 2023 and Date Shown |
|---|---|---|---|---|---|
| 5/8/2023 | $35.46 | $35.46 | 6/22/2023 | $44.21 | $38.00 |
| 5/9/2023 | $35.04 | $35.25 | 6/23/2023 | $44.06 | $38.18 |
| 5/10/2023 | $33.59 | $34.70 | 6/26/2023 | $43.82 | $38.34 |
| 5/11/2023 | $34.19 | $34.57 | 6/27/2023 | $41.72 | $38.44 |
| 5/12/2023 | $32.86 | $34.23 | 6/28/2023 | $40.33 | $38.49 |

---

[4] Artificial inflation per share assumes 30% of the abnormal price decline on November 1, 2022 and 19% of the abnormal price decline on May 8, 2023 were unrelated to the Biologics segment, which is the focus of Lead Plaintiffs' allegations, and thus the abnormal price declines are reduced by 30% on November 1, 2022 and 19% on May 8, 2023.

| | | | | | | |
|---|---|---|---|---|---|---|
| 5/15/2023 | $33.19 | $34.06 | | 6/29/2023 | $43.04 | $38.62 |
| 5/16/2023 | $31.86 | $33.74 | | 6/30/2023 | $43.36 | $38.74 |
| 5/17/2023 | $32.12 | $33.54 | | 7/3/2023 | $44.29 | $38.88 |
| 5/18/2023 | $32.14 | $33.38 | | 7/5/2023 | $44.76 | $39.03 |
| 5/19/2023 | $37.17 | $33.76 | | 7/6/2023 | $44.42 | $39.16 |
| 5/22/2023 | $37.51 | $34.10 | | 7/7/2023 | $44.68 | $39.29 |
| 5/23/2023 | $38.13 | $34.44 | | 7/10/2023 | $45.57 | $39.44 |
| 5/24/2023 | $37.44 | $34.67 | | 7/11/2023 | $45.39 | $39.57 |
| 5/25/2023 | $36.88 | $34.83 | | 7/12/2023 | $46.20 | $39.72 |
| 5/26/2023 | $37.12 | $34.98 | | 7/13/2023 | $46.25 | $39.86 |
| 5/30/2023 | $36.42 | $35.07 | | 7/14/2023 | $46.65 | $40.01 |
| 5/31/2023 | $37.23 | $35.20 | | 7/17/2023 | $46.46 | $40.14 |
| 6/1/2023 | $37.00 | $35.30 | | 7/18/2023 | $45.79 | $40.26 |
| 6/2/2023 | $37.72 | $35.42 | | 7/19/2023 | $46.32 | $40.38 |
| 6/5/2023 | $37.80 | $35.54 | | 7/20/2023 | $47.58 | $40.52 |
| 6/6/2023 | $38.82 | $35.70 | | 7/21/2023 | $47.59 | $40.66 |
| 6/7/2023 | $39.96 | $35.89 | | 7/24/2023 | $47.94 | $40.79 |
| 6/8/2023 | $39.00 | $36.03 | | 7/25/2023 | $48.20 | $40.93 |
| 6/9/2023 | $38.81 | $36.14 | | 7/26/2023 | $48.90 | $41.08 |
| 6/12/2023 | $42.78 | $36.41 | | 7/27/2023 | $47.64 | $41.19 |
| 6/13/2023 | $43.85 | $36.70 | | 7/28/2023 | $48.18 | $41.32 |
| 6/14/2023 | $42.09 | $36.90 | | 7/31/2023 | $48.52 | $41.44 |
| 6/15/2023 | $43.59 | $37.13 | | 8/1/2023 | $46.51 | $41.53 |
| 6/16/2023 | $44.11 | $37.38 | | 8/2/2023 | $46.54 | $41.61 |
| 6/20/2023 | $44.26 | $37.60 | | 8/3/2023 | $46.07 | $41.68 |
| 6/21/2023 | $43.49 | $37.79 | | 8/4/2023 | $45.74 | $41.75 |

[ADDITIONAL TABLES ARE AT END OF NOTICE]

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

78.    If you purchased or otherwise acquired Catalent publicly traded common stock and/or exchange traded call options and/or sold Catalent exchange traded put options during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THE POSTCARD NOTICE OR THIS NOTICE, YOU MUST EITHER**: (a) provide a list of the

names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners; or (b) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and **WITHIN TEN (10) CALENDAR DAYS** of receipt of those Postcard Notices from the Claims Administrator, forward them to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Postcard Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.

79.     Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable expenses incurred in providing notice to beneficial owners of up to: $0.05 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; or $0.05 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the above shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Catalent Securities Settlement*
c/o Epiq Class Action & Claims Solutions
P.O. Box _____
CITY, STATE, ZIP
( ) _____
info@_____.com
www.CatalentSecuritiesSettlement.com

Dated: _____, 2026

BY ORDER OF THE
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**TABLE C**

**Catalent Call Options**
**Artificial Inflation in Catalent Call Options (Per Share)[5] and Holding Prices**
**August 30, 2021 through May 07, 2023**

| Expiration Date | Strike Price | Call Option Artificial Inflation per Share During Trading Periods | | | | | Holding Price (05/08/2023) |
|---|---|---|---|---|---|---|---|
| | | 08/30/2021 through 09/20/2022 | 09/21/2022 through 10/31/2022 | 11/01/2022 through 12/07/2022 | 12/08/2022 through 04/13/2023 | 04/14/2023 through 05/07/2023 | |
| 10/21/2022 | $75.00 | $3.63 | | | | | |
| 10/21/2022 | $80.00 | $2.48 | | | | | |
| 10/21/2022 | $85.00 | $2.51 | | | | | |
| 10/21/2022 | $90.00 | $0.36 | | | | | |
| 10/21/2022 | $105.00 | $0.07 | | | | | |
| 10/21/2022 | $125.00 | $0.86 | | | | | |
| 10/21/2022 | $160.00 | $1.94 | | | | | |
| 11/18/2022 | $65.00 | $5.42 | $2.03 | | | | |
| 11/18/2022 | $75.00 | $2.88 | $0.30 | | | | |
| 11/18/2022 | $80.00 | $2.64 | $0.20 | | | | |
| 11/18/2022 | $85.00 | $3.51 | $1.55 | | | | |
| 11/18/2022 | $90.00 | $1.53 | $0.10 | | | | |
| 11/18/2022 | $135.00 | $1.56 | $1.56 | | | | |
| 12/16/2022 | $40.00 | | $11.75 | $1.65 | | | |
| 12/16/2022 | $45.00 | $13.86 | $10.09 | $0.98 | | | |
| 12/16/2022 | $50.00 | $12.77 | $9.09 | $0.43 | | | |
| 12/16/2022 | $55.00 | $11.01 | $7.38 | $0.60 | | | |
| 12/16/2022 | $60.00 | $8.78 | $5.20 | $0.25 | | | |
| 12/16/2022 | $65.00 | $5.73 | $2.43 | $0.00 | | | |
| 12/16/2022 | $70.00 | $3.74 | $1.06 | $0.00 | | | |
| 12/16/2022 | $75.00 | $2.68 | $0.05 | $0.05 | | | |
| 12/16/2022 | $80.00 | $2.63 | $0.00 | $0.00 | | | |

---

[5] A 30% decrease in artificial inflation has been applied to the inflation dissipated on November 1, 2022 and a 19% decrease in artificial inflation has been applied to inflation dissipated on May 8, 2023. *See* footnote 2.

- 35 -

| Expiration Date | Strike Price | Call Option Artificial Inflation per Share During Trading Periods | | | | | Holding Price (05/08/2023) |
|---|---|---|---|---|---|---|---|
| | | 08/30/2021 through 09/20/2022 | 09/21/2022 through 10/31/2022 | 11/01/2022 through 12/07/2022 | 12/08/2022 through 04/13/2023 | 04/14/2023 through 05/07/2023 | |
| 12/16/2022 | $85.00 | $2.29 | $0.00 | $0.00 | | | |
| 12/16/2022 | $90.00 | $1.58 | $0.00 | $0.00 | | | |
| 12/16/2022 | $95.00 | $2.70 | $1.27 | $0.00 | | | |
| 12/16/2022 | $100.00 | $0.79 | $0.38 | $0.00 | | | |
| 12/16/2022 | $105.00 | $0.57 | $0.00 | $0.00 | | | |
| 12/16/2022 | $110.00 | $0.08 | $0.08 | $0.00 | | | |
| 12/16/2022 | $115.00 | $1.41 | $0.00 | $0.00 | | | |
| 12/16/2022 | $130.00 | $0.13 | $0.08 | $0.00 | | | |
| 1/20/2023 | $35.00 | | | $2.05 | | | |
| 1/20/2023 | $40.00 | | $10.87 | $1.00 | | | |
| 1/20/2023 | $45.00 | $14.13 | $10.26 | $1.15 | | | |
| 1/20/2023 | $50.00 | $12.58 | $9.09 | $0.83 | | | |
| 1/20/2023 | $55.00 | $11.32 | $7.78 | $0.43 | | | |
| 1/20/2023 | $60.00 | $9.21 | $5.87 | $0.40 | | | |
| 1/20/2023 | $70.00 | $3.88 | $1.20 | $0.00 | | | |
| 1/20/2023 | $75.00 | $2.92 | $0.01 | $0.00 | | | |
| 1/20/2023 | $80.00 | $2.48 | $0.00 | $0.00 | | | |
| 1/20/2023 | $95.00 | $0.86 | $0.00 | $0.00 | | | |
| 1/20/2023 | $100.00 | $0.71 | $0.30 | $0.30 | | | |
| 1/20/2023 | $105.00 | $0.74 | $0.00 | $0.00 | | | |
| 1/20/2023 | $110.00 | $0.29 | $0.00 | $0.00 | | | |
| 1/20/2023 | $120.00 | $0.02 | $0.00 | $0.00 | | | |
| 1/20/2023 | $135.00 | $0.08 | $0.08 | $0.03 | | | |
| 4/21/2023 | $30.00 | | | $17.96 | $16.21 | | |
| 4/21/2023 | $35.00 | | | $17.56 | $16.26 | | |
| 4/21/2023 | $40.00 | | $25.83 | $16.13 | $15.08 | | |
| 4/21/2023 | $45.00 | $27.79 | $24.21 | $15.26 | $14.31 | | |
| 4/21/2023 | $50.00 | $23.74 | $20.06 | $11.87 | $11.37 | | |
| 4/21/2023 | $55.00 | $18.31 | $14.58 | $7.77 | $7.64 | | |
| 4/21/2023 | $60.00 | $12.80 | $9.36 | $3.48 | $3.48 | | |
| 4/21/2023 | $65.00 | $8.52 | $5.70 | $0.96 | $0.56 | | |
| 4/21/2023 | $70.00 | $5.03 | $2.83 | $0.26 | $0.26 | | |
| 4/21/2023 | $75.00 | $3.87 | $1.72 | $0.14 | $0.14 | | |
| 4/21/2023 | $80.00 | $3.23 | $0.60 | $0.09 | $0.09 | | |
| 4/21/2023 | $85.00 | $2.32 | $0.12 | $0.12 | $0.12 | | |
| 4/21/2023 | $90.00 | $4.33 | $2.23 | $2.23 | $2.23 | | |
| 4/21/2023 | $95.00 | $1.52 | $0.09 | $0.09 | $0.09 | | |
| 4/21/2023 | $100.00 | $3.46 | $2.27 | $2.23 | $2.23 | | |

| Expiration Date | Strike Price | Call Option Artificial Inflation per Share During Trading Periods | | | | | Holding Price (05/08/2023) |
|---|---|---|---|---|---|---|---|
| | | 08/30/2021 through 09/20/2022 | 09/21/2022 through 10/31/2022 | 11/01/2022 through 12/07/2022 | 12/08/2022 through 04/13/2023 | 04/14/2023 through 05/07/2023 | |
| 4/21/2023 | $105.00 | $0.96 | $0.00 | $0.00 | $0.00 | | |
| 4/21/2023 | $110.00 | $0.84 | $0.00 | $0.00 | $0.00 | | |
| 4/21/2023 | $120.00 | $2.23 | $2.23 | $2.23 | $2.23 | | |
| 4/21/2023 | $130.00 | $0.14 | $0.14 | $0.14 | $0.14 | | |
| 4/21/2023 | $145.00 | $0.02 | $0.02 | $0.02 | $0.02 | | |
| 4/21/2023 | $150.00 | $0.45 | $0.45 | $0.45 | $0.45 | | |
| 4/21/2023 | $155.00 | $2.23 | $2.23 | $2.23 | $2.23 | | |
| 5/19/2023 | $35.00 | | | | $24.70 | $9.10 | $2.93 |
| 5/19/2023 | $40.00 | | | | $21.34 | $6.54 | $1.18 |
| 5/19/2023 | $45.00 | | | | $17.46 | $3.88 | $0.53 |
| 5/19/2023 | $50.00 | | | | $13.89 | $2.19 | $0.15 |
| 5/19/2023 | $55.00 | | | | $9.78 | $1.06 | $0.13 |
| 5/19/2023 | $60.00 | | | | $6.78 | $0.46 | $0.03 |
| 5/19/2023 | $65.00 | | | | $4.56 | $0.14 | $0.03 |
| 5/19/2023 | $70.00 | | | | $2.74 | $0.18 | $0.03 |
| 5/19/2023 | $75.00 | | | | $1.36 | $0.04 | $0.03 |
| 5/19/2023 | $80.00 | | | | $1.74 | $0.02 | $0.03 |
| 5/19/2023 | $85.00 | | | | $3.32 | $1.89 | $0.03 |
| 5/19/2023 | $90.00 | | | | $2.43 | $1.89 | $0.03 |
| 5/19/2023 | $95.00 | | | | $0.46 | $0.06 | $0.03 |
| 5/19/2023 | $100.00 | | | | $2.64 | $1.89 | $0.03 |
| 5/19/2023 | $105.00 | | | | $0.16 | $0.00 | $0.03 |
| 6/16/2023 | $35.00 | | | | | $7.72 | $4.10 |
| 6/16/2023 | $40.00 | | | | | $6.09 | $2.30 |
| 6/16/2023 | $45.00 | | | | | $4.44 | $1.18 |
| 6/16/2023 | $50.00 | | | | | $2.94 | $0.65 |
| 6/16/2023 | $55.00 | | | | | $1.85 | $0.35 |
| 6/16/2023 | $60.00 | | | | | $1.10 | $0.18 |
| 6/16/2023 | $65.00 | | | | | $0.34 | $0.38 |
| 7/21/2023 | $30.00 | | | $25.38 | $24.13 | $8.67 | $8.00 |
| 7/21/2023 | $35.00 | | | $23.79 | $22.64 | $7.89 | $5.35 |
| 7/21/2023 | $40.00 | | | $21.45 | $20.35 | $6.25 | $3.25 |
| 7/21/2023 | $45.00 | | | $18.28 | $17.23 | $4.78 | $1.95 |
| 7/21/2023 | $50.00 | | | $15.16 | $14.21 | $3.45 | $1.18 |
| 7/21/2023 | $55.00 | | | $12.03 | $11.53 | $2.27 | $0.75 |
| 7/21/2023 | $60.00 | | | $8.69 | $8.64 | $1.33 | $0.45 |
| 7/21/2023 | $65.00 | | | $6.76 | $6.76 | $1.33 | $0.30 |
| 7/21/2023 | $70.00 | | | $3.77 | $3.77 | $0.32 | $0.20 |

- 37 -

| Expiration Date | Strike Price | Call Option Artificial Inflation per Share During Trading Periods | | | | | Holding Price (05/08/2023) |
|---|---|---|---|---|---|---|---|
| | | 08/30/2021 through 09/20/2022 | 09/21/2022 through 10/31/2022 | 11/01/2022 through 12/07/2022 | 12/08/2022 through 04/13/2023 | 04/14/2023 through 05/07/2023 | |
| 7/21/2023 | $75.00 | | | $2.18 | $2.18 | $0.04 | $0.20 |
| 7/21/2023 | $80.00 | | | | $1.25 | $1.25 | $0.73 |
| 7/21/2023 | $85.00 | | | | $1.77 | $1.72 | $0.25 |
| 10/20/2023 | $35.00 | | | | $22.84 | $7.76 | $7.25 |
| 10/20/2023 | $40.00 | | | | $20.50 | $6.73 | $5.15 |
| 10/20/2023 | $45.00 | | | | $18.48 | $5.61 | $3.60 |
| 10/20/2023 | $50.00 | | | | $16.13 | $4.67 | $2.28 |
| 10/20/2023 | $55.00 | | | | $13.89 | $3.88 | $1.23 |
| 10/20/2023 | $60.00 | | | | $11.19 | $2.50 | $1.35 |
| 10/20/2023 | $65.00 | | | | $8.75 | $1.89 | $1.00 |
| 10/20/2023 | $70.00 | | | | $5.05 | $0.00 | $2.30 |
| 10/20/2023 | $75.00 | | | | $3.55 | $0.00 | $2.45 |
| 10/20/2023 | $90.00 | | | | $0.89 | $0.00 | $2.40 |
| 10/20/2023 | $95.00 | | | | $2.09 | $0.00 | $2.40 |
| 12/15/2023 | $22.50 | | | $26.51 | $25.06 | $8.76 | $15.40 |
| 12/15/2023 | $25.00 | | | $25.10 | $23.65 | $8.71 | $13.50 |
| 12/15/2023 | $30.00 | | | $23.74 | $22.44 | $6.65 | $11.05 |
| 12/15/2023 | $35.00 | | | $24.18 | $22.68 | $7.60 | $8.00 |
| 12/15/2023 | $40.00 | | | $21.41 | $19.96 | $6.57 | $5.90 |
| 12/15/2023 | $45.00 | | | $18.56 | $17.21 | $4.62 | $4.50 |
| 12/15/2023 | $50.00 | | | $16.82 | $15.77 | $4.63 | $3.18 |
| 12/15/2023 | $55.00 | | | $14.62 | $13.67 | $3.76 | $1.93 |
| 12/15/2023 | $60.00 | | | $11.91 | $11.21 | $2.33 | $1.28 |
| 12/15/2023 | $65.00 | | | $10.03 | $9.08 | $1.75 | $1.35 |
| 12/15/2023 | $70.00 | | | $6.39 | $5.74 | $0.74 | $0.50 |
| 12/15/2023 | $75.00 | | | $5.35 | $4.77 | $1.15 | $0.95 |
| 12/15/2023 | $80.00 | | | | $3.06 | $1.67 | $0.30 |
| 12/15/2023 | $85.00 | | | | $0.42 | $0.00 | $2.40 |
| 12/15/2023 | $100.00 | | | | $1.81 | $0.00 | $2.40 |
| 12/15/2023 | $105.00 | | | | $1.17 | $0.00 | $2.40 |
| 1/19/2024 | $30.00 | | | | | $7.92 | $10.65 |
| 1/19/2024 | $35.00 | | | | $20.88 | $6.69 | $8.50 |
| 1/19/2024 | $40.00 | | | | $19.19 | $6.17 | $6.40 |
| 1/19/2024 | $45.00 | | | | $17.56 | $5.25 | $4.60 |
| 1/19/2024 | $50.00 | | | | $15.55 | $4.32 | $3.28 |
| 1/19/2024 | $55.00 | | | | $11.90 | $2.03 | $2.45 |
| 1/19/2024 | $60.00 | | | | $10.21 | $1.24 | $1.50 |
| 1/19/2024 | $65.00 | | | | $9.21 | $1.67 | $1.13 |

| Expiration Date | Strike Price | Call Option Artificial Inflation per Share During Trading Periods | | | | | Holding Price (05/08/2023) |
|---|---|---|---|---|---|---|---|
| | | 08/30/2021 through 09/20/2022 | 09/21/2022 through 10/31/2022 | 11/01/2022 through 12/07/2022 | 12/08/2022 through 04/13/2023 | 04/14/2023 through 05/07/2023 | |
| 1/19/2024 | $70.00 | | | | $6.08 | $0.63 | $1.75 |
| 1/19/2024 | $75.00 | | | | $5.17 | $1.11 | $1.00 |
| 1/19/2024 | $80.00 | | | | $1.46 | $0.00 | $2.40 |
| 1/19/2024 | $85.00 | | | | $0.45 | $0.00 | $1.70 |
| 1/19/2024 | $105.00 | | | | $2.18 | $0.00 | $2.43 |

## TABLE D

### Catalent Put Options
### Artificial Deflation in Catalent Put Options (Per Share)[6] and Holding Prices
### August 30, 2021 through May 07, 2023

| Expiration Date | Strike Price | Put Option Artificial Deflation (Per Share) During Trading Periods | | | | | Holding Price (5/8/2023) |
|---|---|---|---|---|---|---|---|
| | | 8/30/2021 through 9/20/2022 | 9/21/2022 through 10/31/2022 | 11/1/2022 through 12/7/2022 | 12/8/2022 through 4/13/2023 | 4/14/2023 through 5/7/2023 | |
| 10/21/2022 | $75.00 | $0.98 | | | | | |
| 10/21/2022 | $80.00 | $0.38 | | | | | |
| 10/21/2022 | $85.00 | $1.67 | | | | | |
| 10/21/2022 | $90.00 | $2.72 | | | | | |
| 10/21/2022 | $95.00 | $3.01 | | | | | |
| 10/21/2022 | $100.00 | $3.06 | | | | | |
| 10/21/2022 | $105.00 | $4.01 | | | | | |
| 10/21/2022 | $110.00 | $3.82 | | | | | |
| 11/18/2022 | $45.00 | $0.21 | $0.21 | | | | |
| 11/18/2022 | $50.00 | $3.50 | $1.56 | | | | |
| 11/18/2022 | $55.00 | $3.39 | $3.37 | | | | |
| 11/18/2022 | $60.00 | $6.15 | $6.15 | | | | |
| 11/18/2022 | $65.00 | $7.73 | $7.73 | | | | |
| 11/18/2022 | $70.00 | $9.94 | $9.44 | | | | |
| 11/18/2022 | $75.00 | $10.67 | $10.53 | | | | |

---

[6] A 30% decrease in artificial deflation has been applied to the deflation dissipated on November 1, 2022 and a 19% decrease in artificial deflation has been applied to deflation dissipated on May 8, 2023. *See* footnote 2.

| Expiration Date | Strike Price | Put Option Artificial Deflation (Per Share) During Trading Periods | | | | | Holding Price (5/8/2023) |
|---|---|---|---|---|---|---|---|
| | | 8/30/2021 through 9/20/2022 | 9/21/2022 through 10/31/2022 | 11/1/2022 through 12/7/2022 | 12/8/2022 through 4/13/2023 | 4/14/2023 through 5/7/2023 | |
| 11/18/2022 | $80.00 | $11.69 | $10.23 | | | | |
| 11/18/2022 | $90.00 | $12.56 | $10.46 | | | | |
| 11/18/2022 | $130.00 | $14.12 | $10.39 | | | | |
| 12/16/2022 | $22.50 | | | $1.03 | | | |
| 12/16/2022 | $30.00 | | | $0.08 | | | |
| 12/16/2022 | $35.00 | | | $0.03 | | | |
| 12/16/2022 | $40.00 | | $0.05 | $0.05 | | | |
| 12/16/2022 | $45.00 | $0.91 | $0.91 | $0.75 | | | |
| 12/16/2022 | $50.00 | $1.85 | $1.85 | $0.30 | | | |
| 12/16/2022 | $55.00 | $4.42 | $4.42 | $1.10 | | | |
| 12/16/2022 | $60.00 | $6.04 | $6.04 | $1.30 | | | |
| 12/16/2022 | $65.00 | $8.21 | $8.21 | $1.20 | | | |
| 12/16/2022 | $75.00 | $11.82 | $11.15 | $1.35 | | | |
| 12/16/2022 | $80.00 | $12.92 | $11.68 | $1.45 | | | |
| 12/16/2022 | $85.00 | $13.43 | $11.57 | $1.50 | | | |
| 12/16/2022 | $90.00 | $14.18 | $12.03 | $1.50 | | | |
| 12/16/2022 | $95.00 | $14.41 | $11.93 | $1.50 | | | |
| 12/16/2022 | $100.00 | $15.64 | $11.96 | $1.50 | | | |
| 12/16/2022 | $105.00 | $15.08 | $11.93 | $1.50 | | | |
| 12/16/2022 | $110.00 | $15.53 | $11.99 | $1.50 | | | |
| 12/16/2022 | $115.00 | $15.62 | $11.89 | $1.50 | | | |
| 12/16/2022 | $120.00 | $15.83 | $11.96 | $1.50 | | | |
| 12/16/2022 | $125.00 | $15.81 | $11.99 | $1.50 | | | |
| 12/16/2022 | $130.00 | $16.02 | $11.96 | $1.50 | | | |
| 1/20/2023 | $35.00 | | | $1.80 | | | |
| 1/20/2023 | $40.00 | | $0.33 | $0.33 | | | |
| 1/20/2023 | $45.00 | $2.13 | $1.08 | $0.55 | | | |
| 1/20/2023 | $50.00 | $2.67 | $2.57 | $0.70 | | | |
| 1/20/2023 | $55.00 | $4.32 | $4.32 | $1.20 | | | |
| 1/20/2023 | $60.00 | $6.11 | $6.11 | $1.75 | | | |
| 1/20/2023 | $65.00 | $9.39 | $8.31 | $1.70 | | | |
| 1/20/2023 | $70.00 | $10.00 | $9.86 | $1.80 | | | |
| 1/20/2023 | $75.00 | $11.66 | $10.61 | $1.50 | | | |
| 1/20/2023 | $85.00 | $13.40 | $11.78 | $1.65 | | | |
| 1/20/2023 | $90.00 | $13.90 | $11.80 | $1.60 | | | |
| 1/20/2023 | $95.00 | $14.32 | $12.03 | $1.60 | | | |
| 1/20/2023 | $100.00 | $15.09 | $12.08 | $1.65 | | | |
| 1/20/2023 | $105.00 | $15.77 | $12.19 | $1.60 | | | |

| Expiration Date | Strike Price | Put Option Artificial Deflation (Per Share) During Trading Periods | | | | | Holding Price (5/8/2023) |
|---|---|---|---|---|---|---|---|
| | | 8/30/2021 through 9/20/2022 | 9/21/2022 through 10/31/2022 | 11/1/2022 through 12/7/2022 | 12/8/2022 through 4/13/2023 | 4/14/2023 through 5/7/2023 | |
| 1/20/2023 | $110.00 | $15.62 | $12.23 | $1.60 | | | |
| 1/20/2023 | $115.00 | $15.76 | $12.03 | $1.60 | | | |
| 4/21/2023 | $22.50 | | | $0.30 | $0.00 | | |
| 4/21/2023 | $25.00 | | | $2.03 | $0.00 | | |
| 4/21/2023 | $30.00 | | | $1.68 | $0.00 | | |
| 4/21/2023 | $40.00 | | $0.60 | $0.60 | $0.12 | | |
| 4/21/2023 | $45.00 | $2.25 | $2.25 | $1.34 | $0.94 | | |
| 4/21/2023 | $50.00 | $6.84 | $6.84 | $4.81 | $3.81 | | |
| 4/21/2023 | $55.00 | $12.65 | $12.65 | $9.23 | $8.03 | | |
| 4/21/2023 | $60.00 | $18.97 | $18.16 | $13.73 | $12.33 | | |
| 4/21/2023 | $65.00 | $22.86 | $22.45 | $16.83 | $15.18 | | |
| 4/21/2023 | $70.00 | $25.70 | $24.82 | $17.78 | $15.98 | | |
| 4/21/2023 | $75.00 | $26.71 | $26.14 | $18.01 | $16.21 | | |
| 4/21/2023 | $80.00 | $27.70 | $26.94 | $17.83 | $15.93 | | |
| 4/21/2023 | $85.00 | $28.58 | $26.91 | $17.11 | $16.16 | | |
| 4/21/2023 | $90.00 | $29.85 | $27.65 | $17.65 | $16.30 | | |
| 4/21/2023 | $100.00 | $30.48 | $27.76 | $17.43 | $15.98 | | |
| 4/21/2023 | $115.00 | $30.95 | $27.94 | $17.51 | $16.16 | | |
| 5/19/2023 | $25.00 | | | | | $0.04 | $0.15 |
| 5/19/2023 | $30.00 | | | | | $0.36 | $0.63 |
| 5/19/2023 | $35.00 | | | | $1.82 | $1.37 | $2.40 |
| 5/19/2023 | $40.00 | | | | $4.77 | $3.50 | $5.65 |
| 5/19/2023 | $45.00 | | | | $8.87 | $5.79 | $9.90 |
| 5/19/2023 | $50.00 | | | | $11.83 | $6.76 | $13.65 |
| 5/19/2023 | $55.00 | | | | $15.74 | $8.32 | $19.65 |
| 5/19/2023 | $60.00 | | | | $18.79 | $8.88 | $24.50 |
| 5/19/2023 | $65.00 | | | | $20.60 | $8.76 | $29.45 |
| 5/19/2023 | $70.00 | | | | $22.47 | $8.80 | $34.45 |
| 6/16/2023 | $25.00 | | | | | $0.24 | $0.40 |
| 6/16/2023 | $30.00 | | | | | $0.77 | $1.38 |
| 6/16/2023 | $35.00 | | | | | $2.05 | $3.45 |
| 6/16/2023 | $40.00 | | | | | $3.63 | $6.60 |
| 6/16/2023 | $45.00 | | | | | $5.29 | $10.45 |
| 6/16/2023 | $50.00 | | | | | $6.89 | $15.10 |
| 6/16/2023 | $55.00 | | | | | $8.28 | $20.00 |
| 6/16/2023 | $60.00 | | | | | $7.60 | $24.05 |
| 6/16/2023 | $65.00 | | | | | $9.19 | $29.45 |
| 7/21/2023 | $22.50 | | | | $0.30 | $0.30 | $0.48 |

| Expiration Date | Strike Price | Put Option Artificial Deflation (Per Share) During Trading Periods | | | | | Holding Price (5/8/2023) |
|---|---|---|---|---|---|---|---|
| | | 8/30/2021 through 9/20/2022 | 9/21/2022 through 10/31/2022 | 11/1/2022 through 12/7/2022 | 12/8/2022 through 4/13/2023 | 4/14/2023 through 5/7/2023 | |
| 7/21/2023 | $25.00 | | | $2.00 | $0.00 | $0.00 | $0.88 |
| 7/21/2023 | $30.00 | | | $1.75 | $1.07 | $1.07 | $2.13 |
| 7/21/2023 | $35.00 | | | $3.72 | $3.72 | $2.45 | $4.40 |
| 7/21/2023 | $40.00 | | | $6.27 | $5.54 | $3.54 | $7.40 |
| 7/21/2023 | $45.00 | | | $7.40 | $6.85 | $5.02 | $11.15 |
| 7/21/2023 | $50.00 | | | $12.68 | $11.68 | $6.53 | $15.50 |
| 7/21/2023 | $55.00 | | | $16.20 | $15.00 | $8.28 | $20.80 |
| 7/21/2023 | $60.00 | | | $18.23 | $16.93 | $8.28 | $24.85 |
| 7/21/2023 | $65.00 | | | $21.66 | $20.26 | $9.36 | $29.65 |
| 7/21/2023 | $70.00 | | | $23.37 | $22.02 | $9.24 | $34.25 |
| 7/21/2023 | $75.00 | | | $25.61 | $23.81 | $9.76 | $39.55 |
| 10/20/2023 | $22.50 | | | | | $0.77 | $1.20 |
| 10/20/2023 | $25.00 | | | | | $0.96 | $1.78 |
| 10/20/2023 | $30.00 | | | | | $0.48 | $3.60 |
| 10/20/2023 | $35.00 | | | | $2.39 | $2.39 | $5.80 |
| 10/20/2023 | $40.00 | | | | $3.53 | $2.71 | $8.50 |
| 10/20/2023 | $45.00 | | | | $7.46 | $3.82 | $11.90 |
| 10/20/2023 | $50.00 | | | | $10.24 | $5.54 | $16.50 |
| 10/20/2023 | $55.00 | | | | $12.41 | $6.25 | $20.35 |
| 10/20/2023 | $60.00 | | | | $15.79 | $7.76 | $25.10 |
| 10/20/2023 | $65.00 | | | | $17.46 | $8.20 | $29.90 |
| 10/20/2023 | $70.00 | | | | $20.94 | $9.19 | $34.40 |
| 10/20/2023 | $75.00 | | | | $22.89 | $9.59 | $39.45 |
| 12/15/2023 | $22.50 | | | $0.92 | $0.92 | $0.92 | $1.50 |
| 12/15/2023 | $30.00 | | | $1.32 | $1.32 | $1.32 | $4.10 |
| 12/15/2023 | $35.00 | | | $2.46 | $2.13 | $2.13 | $6.70 |
| 12/15/2023 | $40.00 | | | $5.94 | $5.34 | $3.11 | $9.10 |
| 12/15/2023 | $45.00 | | | $9.13 | $8.93 | $4.70 | $12.80 |
| 12/15/2023 | $50.00 | | | $10.65 | $10.05 | $5.45 | $16.05 |
| 12/15/2023 | $55.00 | | | $13.47 | $12.77 | $6.57 | $20.50 |
| 12/15/2023 | $60.00 | | | $16.48 | $15.78 | $7.89 | $25.10 |
| 12/15/2023 | $65.00 | | | $18.96 | $17.86 | $8.32 | $29.65 |
| 12/15/2023 | $75.00 | | | $24.18 | $23.18 | $9.55 | $39.40 |
| 12/15/2023 | $85.00 | | | | $24.67 | $9.63 | $49.45 |
| 1/19/2024 | $22.50 | | | | | $0.77 | $1.35 |
| 1/19/2024 | $25.00 | | | | | $1.33 | $2.35 |
| 1/19/2024 | $30.00 | | | | | $1.35 | $4.45 |
| 1/19/2024 | $35.00 | | | | $3.03 | $2.87 | $6.80 |

| Expiration Date | Strike Price | Put Option Artificial Deflation (Per Share) During Trading Periods | | | | | Holding Price (5/8/2023) |
|---|---|---|---|---|---|---|---|
| | | 8/30/2021 through 9/20/2022 | 9/21/2022 through 10/31/2022 | 11/1/2022 through 12/7/2022 | 12/8/2022 through 4/13/2023 | 4/14/2023 through 5/7/2023 | |
| 1/19/2024 | $40.00 | | | | $5.60 | $3.70 | $9.75 |
| 1/19/2024 | $45.00 | | | | $8.34 | $4.42 | $13.00 |
| 1/19/2024 | $50.00 | | | | $10.98 | $5.81 | $16.55 |
| 1/19/2024 | $55.00 | | | | $13.36 | $6.97 | $20.90 |
| 1/19/2024 | $60.00 | | | | $15.71 | $7.72 | $24.80 |
| 1/19/2024 | $65.00 | | | | $18.47 | $8.88 | $30.05 |
| 1/19/2024 | $70.00 | | | | $20.78 | $9.36 | $34.65 |
| 1/19/2024 | $75.00 | | | | $22.20 | $9.51 | $39.40 |

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CITY OF WARWICK RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>CATALENT, INC., JOHN CHIMINSKI, ALESSANDRO MASELLI, and THOMAS CASTELLANO,<br><br>                Defendants. | Case No: 3:23-cv-01108-ZNQ-JTQ<br><br>Hon. Zahid N. Quraishi, U.S.D.J. |

**PROOF OF CLAIM AND RELEASE FORM**

## I.    GENERAL INSTRUCTIONS

1.      To recover as a member of the Settlement Class based on your claims in the class action entitled *City of Warwick Retirement System v. Catalent, Inc. et al*., Case No. 2023-cv-01108 (D.N.J.) (the "Action"), you must complete and, on page ____ below, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.[1]

2.      **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW._____.COM NO LATER THAN _____, 2026 OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, 2026, ADDRESSED AS FOLLOWS:**

*Catalent Securities Settlement*
c/o _____
P.O. Box ___
City/State/Zip
(___) ___-___

3.      If you are a member of the Settlement Class and you have not requested exclusion from the Settlement Class, you will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II.    CLAIMANT IDENTIFICATION

4.      If you purchased or otherwise acquired the publicly traded common stock and/or exchange-traded call options, or sold the exchange-traded put options, of Catalent, Inc. during the period from August 30, 2021 through May 7, 2023, both dates inclusive (the "Class Period"), and

---

[1] All capitalized terms not defined in this Claim Form have the meanings given in the Stipulation and Agreement of Settlement, dated as of December __, 2025 (the "Stipulation"), available at www._____.com.

held the securities in your name, you are the beneficial and record owner of the securities. If, however, the Catalent securities were purchased or acquired through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

5.      Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Catalent publicly traded common stock or exchange-traded options that forms the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

6.      All joint owners must sign this claim. Executors, administrators, guardians, conservators, legal representatives, and trustees filing this claim must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

**III.     IDENTIFICATION OF TRANSACTIONS**

7.      Use **Part II** of this form entitled "Schedule of Transactions in Catalent Securities" to supply all required details of your transaction(s) in Catalent publicly traded common stock, exchange-traded call options, and exchange-traded put options during the relevant time periods. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

8.      On the schedules, provide all of the requested information with respect to the purchases, acquisitions, and sales of Catalent common stock and options, whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

9.      The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Catalent common stock. The date of a "short sale" is deemed to be the date of sale.

10.     Claims must be accompanied by adequate supporting documentation for the transactions reported in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Co-Lead Counsel. Self-generated emails or spreadsheets are not sufficient. Failure to provide sufficient documentation could delay verification of your claim or result in rejection of your claim. Claimants bear the burden of establishing their right to a recovery from the Net Settlement Fund. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN CATALENT SECURITIES.**

11.     NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be asked, to submit information regarding their transactions in electronic files. (This is different than the online claim portal on the Settlement website.) All such Claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at ___-___-____ to obtain the required file layout or visit www. _____.com. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name    MI   Beneficial Owner's Last Name

Co-Beneficial Owner's First Name    MI   Co-Beneficial Owner's Last Name

Entity Name (if Claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City        State   ZIP/Postal Code

Foreign Country (only if not USA)     Foreign County (only if not USA)

Social Security Number (last four digits only)   Taxpayer ID Number (last four digits only)

_____      _____

Telephone Number (home)     Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):

☐   Individual (includes joint owner accounts)     ☐   Pension Plan     ☐   Trust
☐   Corporation     ☐   Estate
☐   IRA/401K     ☐   Other _____ (please specify)

4

## PART II. – SCHEDULES OF TRANSACTIONS IN CATALENT SECURITIES

### PART A:   CATALENT PUBLICLY TRADED COMMON STOCK

| | | | |
|---|---|---|---|
| **1. BEGINNING HOLDINGS-**State the total number of shares of Catalent publicly traded common stock held at the opening of trading on August 30, 2021. If none, write "0" or "Zero." (Must submit documentation.)_____ | | | |

**2. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD**– Separately list each and every purchase and acquisition of Catalent publicly traded common stock during the period from August 30, 2021 through May 7, 2023. (Must submit documentation.)

| Date of Purchase/ Acquisition (List Chronologically) MM/DD/YY | Number of Shares | Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3. PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOK BACK PERIOD**– State the total number of shares of Catalent publicly traded common stock purchased/acquired from May 8, 2023 through the close of trading on August 4, 2023.[2] (Must submit documentation.) _____

**4. SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD.**  Separately list each and every sale of Catalent publicly traded common stock from August 30, 2021 through, and including, the close of trading on August 4, 2023. (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**5. ENDING HOLDINGS**– State the total number of shares of Catalent publicly traded common stock held as of the close of trading on August 4, 2023. If none, write "0" or "Zero." (Must submit documentation.) _____

---

[2] Information requested in this Claim Form with respect to purchases/acquisitions from May 8, 2023 through August 4, 2023 is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions.  Purchases/acquisitions during this period, however, are not eligible for a recovery because they are outside the Class Period and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

| IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐ |
|---|

## PART B: CATALENT EXCHANGE-TRADED OPTIONS

### PURCHASES/REPURCHASES

1.    I made the following purchases/repurchases of exchange-traded options on Catalent common stock during the period from August 30, 2021 through and including May 7, 2023, inclusive:

| Option Type | Date(s) of transaction (List Chronologically) | Number of Option contracts acquired | Expiry Date (Month/Year) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised |
|---|---|---|---|---|---|---|
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |

### SALES/WRITTEN

2.    I sold/wrote the following exchange-traded put options on Catalent common stock during the period from August 30, 2021 through and including May 7, 2023, inclusive.

| Option Type | Date(s) of transaction (List Chronologically) | Number of Option contracts acquired | Expiry Date (Month/Year) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised |
|---|---|---|---|---|---|---|
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |

## IV.    SUBMISSION TO JURISDICTION OF THE COURT AND ACKNOWLEDGMENTS

12.    By signing and submitting this Claim Form, the Claimant(s) or the person(s) acting on behalf of the Claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation described in the Notice. I (We) submit to the jurisdiction of the United States District Court for the District of New Jersey with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that, once the Settlement reaches its Effective Date, I (we) will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in Catalent publicly traded common stock, exchange-traded options, and other Catalent securities, if required to do so. I (We) have not submitted any other claim covering the same transactions in Catalent Securities during the time periods herein and know of no other person having done so on my (our) behalf.

## V.    RELEASES, WARRANTIES, AND CERTIFICATION

13.    I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the notices, and that I am (we are) not excluded from the Settlement Class.

14.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Released Defendant Parties (as these terms are defined in the Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

15.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

16.    I (We) hereby warrant and represent that I (we) have included information about all purchases, acquisitions, and sales of Catalent publicly traded common stock and exchange-

traded options that occurred during the relevant time periods and the number of securities held by me (us), to the extent requested.

17.    I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2026

_____        _____
Signature of Claimant                    Type or print name of Claimant


_____        _____
Signature of Joint Claimant, if any      Type or print name of Joint Claimant


_____        _____
Signature of person signing on behalf    Type or print name of person signing
of Claimant                              on behalf of Claimant


_____
Capacity of person signing on behalf of Claimant/Joint Claimant, if other than an individual (*e.g.,* Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

## REMINDER CHECKLIST:

1.      Sign this Claim Form.

2.      DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.      Attach only copies of supporting documentation as these documents will not be returned to you.

4.      Keep a copy of your Claim Form for your records.

5.      The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  **Your claim is not deemed submitted until you receive an acknowledgment postcard.**  If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at ___-___-___ or email at info@_____.com.

6.      If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CITY OF WARWICK RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated, | Case No: 3:23-cv-01108-ZNQ-JTQ |
| Plaintiff, | Hon. Zahid N. Quraishi, U.S.D.J. |
| v. |  |
| CATALENT, INC., JOHN CHIMINSKI, ALESSANDRO MASELLI, and THOMAS CASTELLANO, |  |
| Defendants. |  |

### SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEY'S FEES AND EXPENSES

**To: all persons and entities who or which, during the period from August 30, 2021 through May 7, 2023, inclusive (the "Class Period"), purchased or otherwise acquired the publicly traded common stock or exchange-traded call options or sold the exchange-traded put options of Catalent, Inc. and were allegedly damaged thereby (the "Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey, that Court-appointed Lead Plaintiffs SEB Investment Management AB and Public Employees' Retirement System of Mississippi (collectively, "Lead Plaintiffs"), on behalf of themselves and all members of the proposed Settlement Class, and Defendants Catalent, Inc. ("Catalent"), John Chiminski, Alessandro Maselli, and Thomas Castellano (collectively with Catalent, "Defendants") have reached a proposed settlement of the above-captioned class action (the "Action") in the amount of $78,000,000 (the "Settlement"). Defendants deny any liability or wrongdoing.

A hearing will be held before the Honorable Zahid N. Quraishi, either in person or remotely in the Court's discretion, on _____, 2026, at _____ ___.m. (ET) at the United States District Court, District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, Courtroom ___,

402 East State Street, Trenton, NJ 08608 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated December 22, 2025; (iii) for purposes of the Settlement only, finally certify the Settlement Class, finally certify Lead Plaintiffs as Class Representatives for the Settlement Class, and finally appoint the law firms of Labaton Keller Sucharow LLP and Kessler Topaz Meltzer & Check, LLP as Class Counsel for the Settlement Class; (iv) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (v) approve Co-Lead Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice.  You do NOT need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.  If you have not yet received a Postcard Notice, you may obtain copies of the Postcard Notice, long-form Notice, and Claim Form by visiting the website, www._____, or by contacting the Claims Administrator at:

*Catalent Securities Settlement*
c/o _____
P.O. Box ___
City/State/Zip
(___) ___-___
www._____
info@_____

Inquiries, other than requests for copies of notices or about the status of a claim, may also be made to Co-Lead Counsel:

| LABATON KELLER SUCHAROW LLP | KESSLER TOPAZ MELTZER |
|---|---|
| Christine M. Fox, Esq. | & CHECK, LLP |
| 140 Broadway | Joshua E. D'Ancona, Esq. |
| New York, NY 10005 | 280 King of Prussia Road |
| www.labaton.com | Radnor, PA 19087 |
| settlementquestions@labaton.com | info@ktmc.com |
| (888) 219-6877 | (610) 667-7706 |

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form postmarked or submitted online **_no later than_** **_____ __, 2026_**. If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice, available at www._____.com, and such request must be received **_no later than_** **_____ __, 2026_**. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Co-Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, available at www. _____, such that they are received **_no later than _____ __, 2026_**.

**PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS REGARDING THIS NOTICE**

DATED: _____, 2026          BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        DISTRICT OF NEW JERSEY

# EXHIBIT 4

## Court-Ordered Legal Notice

Important Legal Notice Authorized by the United States District Court, District of New Jersey about the Settlement of a Class Action.

**If from August 30, 2021 through May 7, 2023, inclusive ("Class Period"), you purchased or otherwise acquired the publicly traded common stock or exchange-traded call options or sold the exchange-traded put options of Catalent, Inc. and were allegedly damaged thereby, a class action Settlement has been reached that will impact your legal rights.**

**You may be eligible for a cash payment. Please read this postcard carefully.**

For more information, please visit
www._____.com.

Scan QR Code for a more detailed notice about the proposed Settlement.

*Catalent Securities Settlement*
c/o _____
P.O. Box XXX
City, State Zip

Postal Service: Please do not mark barcode

[NAME1]
[ADDR2]
[CITY] [ST] [ZIP]
[COUNTRY]

This postcard is to inform you that a proposed Settlement totaling **$78,000,000** has been reached with Defendants Catalent, Inc. ("Catalent"), John Chiminski, Alessandro Maselli, and Thomas Castellano, which will resolve all claims, and related claims, in the class action captioned *City of Warwick Retirement System v. Catalent, Inc. et al.,* Case No. 3:2023-cv-01108 (D.N.J.) ("Action"). If approved, the Settlement will end the lawsuit, in which Lead Plaintiffs bring claims under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Section 20(a) of the Exchange Act, alleging, among other things, that Defendants made materially false and misleading statements and omissions with respect to the quality and operationality of certain of Catalent's manufacturing facilities and the Company's financial and accounting controls. Defendants deny all liability or wrongdoing.

You received this postcard because you, or an investment account you represent, may be a member of the proposed Settlement Class (explained below). The issuance of this postcard does not reflect the opinion of the Court on the merits of the claims or defenses asserted by either side in the lawsuit. Capitalized terms not defined in this postcard have the meanings given in the Stipulation and Agreement of Settlement, dated as of _____ ___, 2025 ("Stipulation"). THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT **WWW._____.COM** FOR MORE INFORMATION AND THE FULL SETTLEMENT NOTICE.

### What does the Settlement provide?

Catalent has agreed to cause the payment of **$78,000,000** in exchange for the settlement and release of all claims in the Action and related claims ("Released Plaintiffs' Claims"). The Settlement Amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, and Taxes, will be allocated among Settlement Class Members who submit valid claims.

Your *pro rata* share of the Settlement proceeds will depend on, among other things, the number and value of submitted claims, how many eligible securities of Catalent you bought (or sold in the case of put options), and when your securities were purchased, acquired, or sold. If all Settlement Class Members participate in the Settlement, the estimated average recovery will be approximately $0.61 per eligible share, $0.04 per eligible call option, and $0.14 per eligible put option, before deduction of Court-approved fees and costs. Your portion of the Settlement proceeds will be determined by the plan of allocation approved by the Court. The proposed plan is in the full Notice.

### Am I affected by the Settlement?

Receipt of this postcard does not mean you are a Settlement Class Member. The Settlement Class is: **all persons and entities who or which, during the period from August 30, 2021 through May 7, 2023, inclusive, purchased or otherwise acquired the publicly traded common stock or exchange-traded call options or sold the exchange-traded put options of Catalent, Inc. and were allegedly** damaged thereby. Certain individuals and entities are excluded from the Settlement Class by definition.

### How do I get a payment?

Receipt of this postcard does not mean you are eligible for a recovery. To qualify for payment, you must submit a valid Claim Form, which can be found at **www._____.com**, or you can request one by contacting the Claims Administrator. Claim Forms must be postmarked by **_____, 2026** and be mailed to: *Catalent Securities Settlement,* c/o _____, P.O. Box ____, __, __ __, or be submitted online by **_____, 2026**.

### How will Plaintiffs' Counsel be paid?

The Court has appointed the law firms of Labaton Keller Sucharow LLP and Kessler Topaz Meltzer & Check, LLP as Co-Lead Counsel. Co-Lead Counsel will ask the Court to award them up to 25% of the Settlement Fund in attorneys' fees, plus expenses of no more than $2 million, which may seek reimbursement to Lead Plaintiffs for their costs pursuant to 15 U.S.C. § 78u-4a(4). These fees and costs would total approximately $0.17 per eligible share, $0.01 per eligible call option, and $0.04 per eligible put option.

### What are my other options?

You may request exclusion from the Settlement Class by **_____, 2026**; object to the Settlement, the plan of allocation, or Co-Lead Counsel's Fee and Expense Application by **_____, 2026**, or do nothing. If you exclude yourself, you may be able to pursue the claims being settled on your own, but you cannot get money from the Settlement or object. If the Court does not approve the Settlement, no payments will be made, and the lawsuit will continue. By doing nothing, you will get no payment, and you will not be able to sue any of the Released Defendant Parties for the Released Plaintiffs' Claims. The full Notice provides instructions for submitting a Claim Form, requesting exclusion, and objecting, and you must comply with all of the instructions. Visit **www._____.com**.

### What happens next?

The Court will hold a hearing on **____, ___, 2026 at __:__ _.m. (ET)** to consider whether to approve the Settlement, the Fee and Expense Application, or the plan of allocation. You will be represented by Co-Lead Counsel unless you enter an appearance through your own counsel, at your cost. You may attend the hearing and do not need an attorney to do so.

### Questions?

To learn more, scan the QR code, visit www._____.com, call (XXX) XXX-XXXX, email info@_____com, or write *Catalent Securities Settlement* c/o ____, P.O. Box ____, City, State, Zip.