Kevin H. Marino
John D. Tortorella
**MARINO, TORTORELLA &**
**BOYLE, P.C.**
437 Southern Blvd.
Chatham, New Jersey 07928
Tel: (973) 824-9300
kmarino@khmarino.com
jtortorella@khmarino.com

Eric C. Lyttle (admitted pro hac vice)
**QUINN EMANUEL URQUHART &**
**SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel: (202) 538-8000
ericlyttle@quinnemanuel.com

Jesse Bernstein (admitted pro hac vice)
Hope D. Skibitsky
Jaclyn M. Palmerson
Phillip B. Jobe (admitted pro hac vice)
**QUINN EMANUEL URQUHART &**
**SULLIVAN, LLP**
295 Fifth Avenue
New York, NY 10016
Tel: (212) 849-7000
jessebernstein@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
jaclynpalmerson@quinnemanuel.com
phillipjobe@quinnemanuel.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY OF WARWICK RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CATALENT, INC., JOHN CHIMINSKI, ALESSANDRO MASELLI, and THOMAS CASTELLANO,<br><br>Defendants. | No. 3:23-cv-01108-ZNQ-JTQ<br><br>Hon. Zahid N. Quraishi, U.S.D.J.<br><br>**FINDINGS OF FACT AND**<br>**ORDER TO SEAL MATERIALS**<br><br>Return Date: November 17, 2025<br><br>*Document filed electronically* |

**THIS MATTER** having come before the Court on the motion to seal (the "Sealing Motion") of Defendants, Catalent, Inc. ("Catalent"), John Chiminski, Alessandro Maselli, and Thomas Castellano (collectively "Defendants"), through their attorneys, Marino, Tortorella & Boyle, P.C. (Kevin H. Marino, Esq., appearing) and Quinn Emanuel Urquhart & Sullivan, LLP, for entry of an Order, pursuant to Local Civil Rules 5.3(c) and 7.1, permitting Defendants to file under seal unredacted versions of Exhibits 3-7, 9-16 to Plaintiff's Letter Regarding Discovery Dispute Concerning Production of Text Messages (ECF No. 129) pursuant to Local Rule 5.3(c)(4) because they contain private or confidential personal and business information (collectively "Sealed Materials"); and this Court having fully considered the Certification of John D. Tortorella in support of the Sealing Motion (the "Tortorella Certification"), including the Index required by Local Civil Rule 5.3(c) and any submissions in further support thereof, as well as the record before it, and no opposition thereto having been filed, the Court makes the following findings:

**THE COURT FINDS** that the Sealed Materials contain private or confidential information that is not available to the public, including Catalent employee's work and personal phone numbers, private personal text message conversations, and confidential business information concerning Catalent;

**THE COURT FURTHER FINDS** that Defendants have a legitimate interest in protecting this private or confidential personal information because Catalent employees have a legitimate interest in not having their phone numbers and personal information publicly disclosed and Catalent has a legitimate interest in keeping its confidential information from public disclosure;

**THE COURT FURTHER FINDS** that the public has a legitimate interest in not burdening litigants' access to the courts by requiring public disclosure of valuable personal or confidential business information as a condition of litigating their rights;

**THE COURT FURTHER FINDS** that a clearly defined and serious injury would result were the Sealed Materials not to be sealed; and the Sealed Materials contain information constituting personal private information, including telephone numbers and personal conversations, that if made public would harm the individuals' expectation to privacy; and the Sealed Materials contain information constituting confidential business information that, if made public, would harm Catalent's business relationships and competitive position; and Catalent's confidential business information would be revealed to various competitors, investors, business partners and other business parties, and these parties would unjustly gain the ability to thwart, anticipate, or usurp Catalent's plans and strategies to their benefit and Catalent's detriment;

**THE COURT FURTHER FINDS** that there is no less restrictive alternative available to prevent the defined and serious injury to the parties because the redactions to the public versions of Exhibits 3-7, 9-16 of Plaintiff's Letter Regarding Discovery Dispute Concerning Production of Text Messages (ECF No. 129) will be tailored and limited to redact only the most sensitive information therein;

**THE COURT FURTHER FINDS** that that the Sealed Materials have not been the subject of any prior sealing orders in this action and that there are no known parties or non-parties that object to the requested sealing and Plaintiff takes no position on the sealing of the Sealed Materials;

**THE COURT FURTHER FINDS** that the parties have complied with the dictates set forth in Local Civil Rule 5.3 and in the case law related thereto.

**THEREFORE, IT IS** on this 13th day of March, 2026:

**ORDERED** that the Sealing Motion be and hereby is granted in its entirety; and

**IT IS FURTHER ORDERED** that the following documents shall be maintained under seal by the Clerk of Court based on the foregoing findings of fact and conclusions of law:

3

- Unredacted version of: Exhibits 3-7, 9-16 to Plaintiff's Letter Regarding Discovery Dispute Concerning Production of Text Messages (ECF No. 129);

- Redacted, per the Index, versions of: Exhibits 3-7, 9-16 to Plaintiff's Letter Regarding Discovery Dispute Concerning Production of Text Messages (ECF No. 129).

**IT IS FURTHER ORDERED** that the Clerk may unseal ECF No. 131 in its entirety.

Dated: 3/13/2026

_____
Honorable Justin T. Quinn, U.S.M.J

4